BARTLETT *against* EVARTS :

IN ERROR :

Evidence, which conduces directly to prove a part of the case, is not to be rejected, because it is insufficient to prove the whole case.

Evidence, which conduces directly to prove an allegation in the declaration, is admissible of course, unless the adverse party shews facts, which render it exceptionable.

Therefore, where the plaintiff, in an action *qui tam* for a violation of the 1st section of the statute to prevent and remove nuisances, having alleged in his declaration, that the defendant had erected certain posts and railing, a piazza and a shop on the highway, offered the testimony of sundry witnesses to prove, that the posts and railing in front of the defendant's dwelling-house, and a part of his shop and piazza, were erected on the highway ; it was held, that such testimony was admissible, though it did not appear, that the plaintiff offered or had any testimony to prove, that such obstructions were put there, by the defendant.

This was an action *qui tam*, brought originally by *Evarts* against *Bartlett*, before a justice of the peace, for a penalty given in the 1st section of the act concerning *Nuisances*, for obstructing a highway. The declaration stated : " That the defendant, on the 10th of *November*, 1829, and at divers other times before and since, in the town of *Guilford*, in and upon a certain common highway, leading from *New-Haven* to *New-London*, through said town of *Guilford*, divers great pieces of timber, a large quantity, *viz.* fifty loads, of wood, and divers loads of rubbish, put and placed ; and set up and erected five rods of posts and railing ; and built and erected a piazza and shop ; and the defendant, from said 10th day of *November* to the present time, has permitted, and still does permit, the said timber, wood, rubbish, posts and railing, piazza and shop in and upon said common highway to lie and remain ; whereby said highway, during all said time, was greatly obstructed," &c.

On the trial of this cause, before the justice, on the plea of *Not guilty*, the plaintiff offered to prove, by the testimony of competent and credible witnesses, that the posts and railing in front of the defendant's dwelling-house and shop, and a part of his shop and piazza, were erected on a part of the highway, by reason of which the passage of travellers was obstructed. To the admission of this testimony, the defendant objected, on the ground that the plaintiff had previously complained to

the select-men of the town of *Guilford* of said encroachment and nuisance, and the select men had directed the defendant to remove his railing, piazza and shop from off the highway. The court rejected the testimony so offered ; and thereupon rendered final judgment for the defendant. The plaintiff filed a bill of exceptions, and brought a writ of error, on which the superior court reversed that judgment ; and on motion in error, by the original defendant, the latter decision was brought before this Court for revision.

*Seeley,* for the plaintiff in error, contended, 1. That if the *decision* made by the justice, upon the facts offered to be proved, was right, it is immaterial what *reasons* influenced him, in making that decision. It is proper to remark, however, that the record does not disclose the ground of the decision. It may have been the one taken by the plaintiff below, as the foundation of the objection, or it may have a different one. Be that as it may, it is the decision, and not the argument, which is here to be revised.

2. That the testimony offered was inadmissible. In the first place, it is clear, that it did not, *of itself,* tend to prove the issue. The fact to be proved was, that *the defendant put* the obstructions complained of on the highway. The testimony offered was simply, that these obstructions " were erected on the highway." The 1st section of the statute on which this suit is brought, subjects to a *qui tam* prosecution the person who *erects* a nuisance—the agent—the doer of the mischief—the person actively concerned in causing the obstruction,—and not him who passively suffers it to be continued. *Stat.* 361. It contemplates a *misfeasance* ; and not a mere non-feasance. There is a sufficient remedy against the continuance of a nuisance under the 2nd section, and also at common law. But this is not the full strength of the objection. The testimony in question did not affect the defendant at all. It tended to prove an offence committed by *some* person, but raised no more presumption against the defendant than against any other individual in the community.

Secondly, this testimony was not so connected with other evidence tending to prove the issue, as to make it admissible on that ground. Here it ought to be borne in mind, that it is the duty of the party who offers testimony, to shew its pertinency. But there is no pretence, that the plaintiff below proposed to introduce other evidence in the cause to shew the bearing of the testimony in question. He did not offer the testimony

coupled with such other evidence, and thus connect the fact of the obstructions being on the highway with the alleged agency of the defendant in placing them there. Nor is it any answer to this reasoning, that if the testimony offered had been admitted, the plaintiff below might have introduced additional evidence connecting the defendant with the transaction. This Court will look into the record, to ascertain what evidence the plaintiff offered, or proposed to offer; but it cannot go beyond the facts there appearing, and speculate on what might, or might not have been within the power of the party to prove. It can make no inference from facts not stated. *De non apparentibus,* &c. There was no question, on the trial, as to the *weight* of evidence; inasmuch as there was nothing to be weighed.

Thirdly, the testimony was inadmissible, as it did not purport to shew, that the obstructions were placed in the highway within one year next before bringing the action. The plaintiff could establish no liability on the part of the defendant, unless the testimony, by itself, or in connexion with other testimony proposed to be introduced, tended to prove an offence committed *within the time prescribed by the statute.* The defendant's liability expires with the year; and after that time, he can no more be charged than if the statute were repealed. *Petrie* v. *White,* 3 *Term Rep.* 5. 11. per *Buller,* J. *Bul. N. P.* 195. *Lee* v. *Clarke,* 2 *East* 333. 336 per Ld. *Ellenborough,* Ch. J. and *Lawrence,* J. 2 *Stark. Ev.* 1125. Here " the *time,*" as in the case of *Scovell* v. *Kingsley,* 7 *Conn. Rep.* 284. " became material, and thus far indispensable." In that case, the court held, that proof of the speaking of the words, which were the foundation of the action, could not go to the jury, unless accompanied with the proof of the time when they were spoken. In the nature of things, such additional evidence was not merely possible, but as probable as that the plaintiff below in the present case, had other connecting evidence, which he did not disclose.

*Todd,* contra, insisted, 1. That the evidence offered by the plaintiff below, was pertinent to the issue, and every way proper to prove *a part* of the case. To make out his case, the plaintiff was bound to establish three points; first, that the obstructions complained of were on the highway; secondly, that the defendant put them there; and thirdly, that he did it within a year previous to the commencement of the suit. Each of

New-Haven, July, 1831.

Bartlett
*v.*
Evarts.

*New-Haven,* these points constituted an essential ingredient of the right of
*July, 1831.* recovery : in other words, each was a material part of the case.

Bartlett To establish the first point, the testimony offered was *direct.*
*v.* If that point could be proved *separately, i. e.* without proving
Evarts. the other points, by the same witnesses and *uno flatu,* or at
least in the course of the same examination,—the testimony
adduced to prove it, was perfectly unexceptionable.

2. That the plaintiff was not bound to prove, nor to offer
witnesses to prove, *his whole case at once.* If the evidence of-
fered is pertinent to prove any material part of the case, it is to
go to the jury for that purpose ; and the trial proceeds. If the
party ultimately fails in proving that or any other material
part, the verdict will be against him ; but in that case, the
question will be as to the *weight* or *sufficiency,* and not as to the
*relevancy,* of the testimony.

WILLIAMS, J. The ground of objection to the testimony in
question, in the court below, is so entirely untenable, that the
counsel for the defendant have, very properly, abandoned it.
But they claim now, that the testimony was inadmissible for
other reasons than those assigned in the bill of exceptions.
They claim, that the testimony was irrelevant, as not tending
to prove the defendant guilty of the charge alleged : that it on-
ly conduced to prove, that the building occupied by him, or
some of its appurtenances, was in the highway, but not that the
defendant placed it there ; and although other evidence might
have been produced, which would have made it relevant, yet it
was incumbent on the plaintiff to shew, that such connecting
evidence was exhibited. The plaintiff had to establish two
propositions ; that the nuisance existed, and that it existed by
the act of the defendant. That this testimony went to prove
the first of these propositions, there can be no doubt. That
the shop, piazza and railing were in the highway, and ob-
structed the public travel, were facts alleged in the declara-
tion, and unless established by proof, the plaintiff could not
recover. It would, then, seem to follow, of course, that the
proof of those facts might be admitted.

It is said, however, that this proof does not establish the guilt
of the defendant. But it is part of the chain of testimony con-
ducing to prove his guilt ; for unless the existence of the nui-
sance was proved, it would be idle to prove, that the defendant
erected it. Both these facts were alleged, and both must be

proved, or the defendant could not be convicted.  And if the plaintiff had offered to prove, that the defendant erected the building, the objection might as well have been made, that he had not proved that it was a nuisance.  And the same course of reasoning would shew, that where a person was indicted for murder, the prosecutor could not prove the death, because he had not proved that the accused caused it; or on the other hand, that he could not prove the blow by the accused, until he had proved the death.  Both facts must be proved; and the court are not to direct as to the priority of proof, or to rule out part of the testimony, which is relevant, because the prosecutor may not have sufficient proof to convict.

It is, however, further said, that this evidence was not of itself sufficient; and the court will not presume, that there was other evidence to make it so.  A writ of error is not, and cannot be brought, because the evidence is not sufficient.  It is to test the character, not the weight, of the evidence.  Of course, the only enquiry is, whether the evidence was of that character, which is admissible; and this, I think, is admitted by the argument of the defendant; because it is admitted, that coupled with other evidence, it would have been proper.  Unless, therefore, the court are to presume, that the plaintiff had no such evidence, this was clearly admissible.  The strength of the argument on the part of the defendant, rests on this, that it was the duty of the plaintiff to shew that he had the other testimony before this was admissible.  On the contrary, the rule is, that where the evidence offered by the plaintiff conduces directly to prove an allegation in the declaration, the proof is admissible of course, unless the defendant shews other facts to found his objection on.  To present the question, therefore, which the defendant wishes to make to this testimony, it ought to appear, that there was no other testimony on the part of the plaintiff.  In the absence of proof as to that fact, the court, for the purpose of ruling out testimony pertinent to the issue, are not to presume it.  And if that fact had been shewn, it would have been difficult to say, that the testimony offered was *irrelevant*, although there can be no doubt it would have been *insufficient*; but not having been shewn, the testimony was unexceptionable.

The case of *Scovell* v. *Kingsley, 7 Conn. Rep.* 284. does not impugn these principles.  There, the witness to prove the words in an action of slander, swore, that he could not tell

*New-Haven,*
*July, 1831.*

Bartlett
*v.*
Evarts.

whether they were spoken before or after the commencement of the suit. The court held, that the testimony was not admissible; for as the time was material, and the witness could not ascertain it, it remained uncertain, whether the testimony was relevant or not. But here, the evidence directly proved one part of the facts alleged, that the building was in the street. Had nothing more appeared, it was, in my opinion, admissible; but taken in connexion with another fact, that seems to have been conceded, that the defendant was daily occupying this building, it was proper evidence, certainly, to shew, that he had *continued* the nuisance, and might have been proper evidence to submit to a jury, that he had originally placed it there.

There is, then, no error in the judgment complained of.

The other Judges were of the same opinion, except PETERS, J., who was absent.

Judgment affirmed.