FREDERICK A. COLBURN *vs.* TASKER H. SWETT.

As a general rule, a common informer cannot maintain an action for a penalty, unless power is given to him for that purpose by statute.

The board of engineers of the fire department of the city of Boston, to whose use the penalties incurred by violation of *Sts.* 1833, *c.* 151, and 1837, *c.* 99, are made to enure, (except when any one of them shall be examined as a witness in the prosecution,) cannot authorize any person to sue for those penalties.

Since the passing of *St.* 1837, *c.* 99, and the repeal of the fourth section of *St.* 1833, *c.* 151, it seems that the only mode of enforcing the penalties imposed by those statutes, is by indictment, or suit in the name of the Commonwealth.

TRESPASS upon the case, to recover of the defendant the forfeiture incurred under *St.* 1837, *c.* 99, for violation of the provisions of *St.* 1833, *c.* 151, and of the rules and regulations of the board of engineers of the fire department of the city of Boston, respecting the keeping, having, and possessing of gunpowder.

By the fourth section of said statute of 1833, one moiety of the sums forfeited by violating said provisions and regulations, accrued to the use of any person or persons who should prosecute for the same, and the other moiety to the use of the poor of the city. By *St.* 1837, *c.* 99, said fourth section of the former statute was repealed, and it was enacted that the fines, penalties, and forfeitures, mentioned in that statute, should enure to the sole use of the board of engineers aforesaid ; provided, that whenever, on the trial of any prosecution, any one of said engineers should be sworn and examined as a witness on behalf of the prosecution, the fine, &c. should enure to the use of the poor of the city. But this last statute contained no provision concerning the form of prosecution, or the party who might prosecute, for the said fines, &c.

The plaintiff, after his name and addition in the writ, describ-
ed himself, as " clerk of the chief engineer," &c., as is herein-
after mentioned in the opinion of the court.

At the trial before *Putnam*, J. the evidence adduced to sup-
port the action was the same, so far as it related to the defend-
ant's liability to the forfeiture, as that which was given in the
municipal court, in the preceding case of the libel filed by *Bar-
nacoat & others*. *Ante, p.* 227.

By *St.* 1837, *c.* 99, § 1, any person who shall have, keep, or
possess any gunpowder, contrary to the provisions of *St.* 1833,
*c.* 151, or to the rules and regulations of the board of engineers,
shall forfeit a sum not less than $ 100, nor more than $ 500.
The other statute provisions, and the regulations of the board of
engineers, on which this action was founded, are set forth in the
preceding case. *pp.* 228, 229.

A verdict was taken for the plaintiff, subject to the opinion of
the court as to his right to prosecute the action, and as to the
liability of the defendant to the fine sued for.

As to the plaintiff's right to prosecute the action,

*S. D. Parker*, for the plaintiff, cited Plowd. 199. *Roe* v
*Roe*, Hardr. 185. *Malden* v. *Bartlett*, Parker, 105.

*Fletcher*, for the defendant, cited *Vinton* v. *Welsh*, 9 Pick.
87. *Fleming* v. *Bailey*, 5 East, 313. 2 Saund. Pl. & Ev.
830.

SHAW, C. J.    Several points were argued in this case, upon
which the court give no opinion, because they are of opinion
that the action cannot be maintained by this plaintiff.    The suit
is brought to recover a penalty, upon *St.* 1833, *c.* 151, being an
act in regard to the storage, &c. of gunpowder in Boston.    The
plaintiff is described, as " clerk of the chief engineer of the city
of Boston, and acting and prosecuting in this behalf under a vote
of the engineers, &c., passed on the 20th of May, 1839, author-
izing and directing him to prosecute and collect the fine hereinaf-
ter mentioned, incurred by said Swett for a violation of the law
in relation to the storage and selling of gunpowder in said Bos-
ton."    As there is no statute provision, which authorizes any
such officer to sue for the penalty, and as there is no provision
20 *

investing the board of engineers with power to appoint any person to sue for the penalty, the plaintiff's case is not aided by this description of his person, — for we think it nothing more. If his legal title to recover depended upon any act or vote of the engineers, it must be duly averred in the declaration, as a fact which might be traversed and must be proved. The question then resolves itself into this, whether this penalty can be recovered in a popular action by any one who will sue for it ; because if it may be, then the elaborate *descriptio personæ,* contained in the writ, may be rejected as surplusage, and the plaintiff stand on the same footing with any person who should first bring an action *qui tam.*

It is a general rule, that no action for a penalty can be main tained by a common informer, unless power is given to him for that purpose by the statute. *Fleming* v. *Bailey,* 5 East, 313. *Barnard* v. *Gostling,* 2 East, 569. *Davis* v. *Edmonson,* 3 Bos. & Pul. 382.

By *St.* 1833, *c.* 151, § 4, as passed, it was declared, that one moiety of the sums thereby forfeited should accrue to the use of the poor of Boston, the other moiety to the use of any person or persons, who should prosecute for the same. But by *St.* 1837, *c.* 99, the fourth section of the abovenamed act, enabling any person or persons to sue for the same, was repealed, and no mode of prosecuting for the penalties was substituted. By this last act, it is provided, that all the fines, penalties, and forfeitures, shall enure to the sole use of the board of engineers, with a proviso, that whenever, on the trial of a prosecution under the said acts, any one or more of the engineers shall be examined in behalf of the prosecution, the whole penalty shall enure to the use of the poor of Boston.

There being then no mode provided in the statute itself, for prosecuting for the penalties, they must either be prosecuted for, under the general laws, or the law will go unexecuted.

Whether an action would lie in the name of the engineers, we give no opinion. It seems to be held, that when a penalty is given wholly to one or more persons, an action will lie for it in the name of those persons, although no express authority to sue

for it is contained in the statute. *Pres. & Coll. Physicians* v. *Salmon*, 1 Ld. Raym. 682. To the application of this rule, however, to these statutes, there are some objections; which are, that the penalty is not given absolutely to the engineers, but in a certain contingency, that of an engineer's testifying, it is to go to the poor; because, by providing that the engineers may be examined as witnesses for the prosecution, the statute carries an implication, that the prosecution is not conducted in their names; and because they do not take the penalty as individuals, but as a body, acting for the public, the individual members composing which are frequently changing.

But whether an action would lie in the name of the engineers or not, we think there is no ground to maintain that the law would be imperative, because it is a general rule of the common law, that where a statute prohibits a matter of public grievance, or commands a matter of public convenience, and no special mode of prosecution is directed, it may be prosecuted by indictment. 2 Inst. 163. 2 Hawk. *c.* 25, § 4. *The King* v. *Sainsbury*, 4 T. R. 457. The legal right of recovering, in such case, is in the Commonwealth, though the penalty, in whole or in part, may be reserved to the use of others.

By Rev. Sts. *c.* 118, § 42, it is provided, that when any pecuniary forfeiture or fine was, or should thereafter be imposed by law, without any express provision for the mode of recovering the same, it may be sued for and recovered, in an action of debt, or an action of trespass on the case, in any court proper to try the same.

This is similar in terms to the provision of *St.* 1793, *c.* 43, § 4, except that the revised statutes give an action of trespass on the case, as well as debt, at the election of the prosecutor; whereas the former statute gave an action of debt only.

This provision does not declare, by whom such action must be brought; and it was contended in the argument, that this provision warranted an action in the name of any one who would sue for the same. But we think such is not the true construction. We are inclined to the opinion, that it was the purpose of this provision, not to enable any person to prosecute, but to di-

Colburn *v.* Swett.

rect how the prosecution, on the part of any one entitled, should be conducted. It designed to leave to other rules of the common or statute law, to determine in whom is the right to sue, and to direct the mode of suing. The result would be, that when the statute gave a right in express terms, or by implication, to any person who should first sue, or to any particular person or body of persons, to institute a prosecution, then it might be done in the form of an action of debt, or an action of trespass on the case. But when no such right is given to any individual or body of individuals, then, as the right to enforce all penalties, made to ensure obedience to general laws, is in the Commonwealth, such action of debt or case, might be prosecuted by the Commonwealth.

The court, being of opinion that this action cannot be maintained, have not found it necessary to consider the other exceptions.

*Plaintiff nonsuit*