## ZADOCK KING *vs.* ISRAEL WHITCOMB.

Where the only defect in a warrant, issued by assessors to a collector of taxes, is an omission to direct him to sell distrained goods within seven days, he is justified, by such warrant, in distraining goods, and selling them within seven days, according to law.

A demand, by a collector, of payment of a tax assessed on a non-resident, who has no agent or attorney within the Commonwealth, is sufficient to justify a subsequent seizure and sale of his goods, if such demand be made at his last and usual place of abode in the town where he is taxed.

IN an action of trover, the defendant justified the taking and sale of the property, as collector of taxes, under a warrant.

dated July 14th, 1837, and directed to him by the assessors of the town of Florida. The plaintiff was taxed by said assessors, in 1837, as a non-resident. The warrant contained this direction — " if any person shall refuse or neglect, upon demand by you made, to pay the sum he is assessed in said list, you are to distrain the goods or chattels of such person, to the value thereof, and the distress, so taken, to keep for the space of four days, at the cost and charges of the owner, and if he shall not pay the sum so assessed, within the four days, then you are to sell openly, at public vendue, the distress so taken, for the payment thereof with charges, first giving forty-eight hours notice of such sale, by posting up advertisements thereof in some public place in said town, which said notice may be given either before or after the said four days shall have expired," &c.

The defendant, in his return on this warrant, stated that on the 23d of October, 1837, he, by virtue thereof, took and distrained the property in question, for the payment of said tax, having previously demanded the payment thereof at the last and usual place of abode of the said King, in said Florida, and not being able to find said King within his precinct, he, on the 28th of October, advertised the property to be sold at public vendue on the 30th day of the same October, at 10 o'clock, A. M., by posting up notice of the time and place of said sale, at a public place in said town of Florida, at least forty-eight hours before the time of said sale ; and at the time and place appointed for said sale, the said King having failed to pay said tax, he (the defendant) sold said property, at public vendue, to the highest bidder, &c.

The plaintiff was a non-resident when the tax was assessed, and ever after, and had no known agent or attorney within the Commonwealth.

. The questions presented to the court were, *first*, whether the assessors' warrant was such as to justify the defendant's proceedings ; and *secondly*, whether there was a legal demand of payment by the defendant before he distrained the plaintiff's property.

*Wells* and *Davis*, for the plaintiff. The Rev. Sts. c. 7

28 *

§ 33, require that the assessors' warrant shall specify the collector's duties, as prescribed by law, in the collection of taxes. Those duties are thus prescribed in c. 8, § 8 — "the collector shall keep the goods distrained, for the space of four days, at the least, and shall, within seven days after the seizure, sell the same, &c., having given notice of such sale, &c. forty-eight hours at least before the sale." The warrant, in this case, did not direct the defendant to sell distrained property within seven days, and was therefore illegal, and the defendant cannot justify under it. *Toof* v. *Bently*, 5 Wend. 277. *Brewster* v. *Hyde*, 7 N. Hamp. 211. *Watson* v. *Watson*, 9 Connect. 146. *Sandford* v. *Nichols*, 13 Mass. 288. *Colman* v. *Anderson*, 10 Mass. 105. 1 Saund. 298, *note* (1). *Porter* v. *Haskell*, 2 Fairf. 178. *Cutler* v. *Wadsworth*, 7 Connect. 6. *Washington* v. *Sanders*, 2 Dev. 343.

If the form of the warrant was legal, and authorized a seizure of the goods, it did not justify a sale after *six* days. *Pierce* v. *Benjamin*, 14 Pick. 360.

The defendant made no such demand on the plaintiff as the Rev. Sts. c. 8, §§ 3 & 19 require ; and cannot, therefore, justify his proceedings.

*H. G. Newcomb*, for the defendant. The defendant proceeded in exact conformity to law, in the seizure and disposition of the goods, and in entire consistency with his warrant ; and therefore stands justified. He also made all the demand, before seizure, which the state of the case would permit.

DEWEY, J. The plaintiff seeks to recover damages for the wrongful conversion of his property, and the inquiry as to his right to maintain his action raises the question whether the proceedings of the defendant as a collector of taxes, in distraining and selling the goods of the plaintiff, were authorized by law.

1. It is objected to the validity of the sale, that the warrant of the assessors to the collector was substantially defective, and not according to the directions of the tax acts. Rev. Sts. c. 7, § 33, and c. 8, § 8. The alleged defect is the omission to specify fully, in the warrant, all the provisions of c. 8, § 8, regulating the distraining of goods for taxes, prescribing the

time such goods shall be kept, the mode of advertising, and limiting the time within which they must be sold.

The assessors undoubtedly used, as their guide in making their warrant, the form in common use before the enacting of the revised statutes, and one conforming to the previous statutes. In the earlier *Sts.* 1785, *c.* 70, § 2, and 1791, *c.* 22, § 2, directing the mode of proceeding in cases where property was distrained by a collector, the provisions were much the same as at present, except that there was no such express limitation of the period of seven days within which goods distrained were to be sold, as is found in the revised statutes ; but it was provided that if the taxes should not be paid within four days after the seizure, *then* the collector should sell at public auction, first giving forty-eight hours notice, &c. ; which notice, by said statute of 1791, might be given within the four days. The construction given to those statutes, and to the warrants issued in conformity with them, has been, that the sale must take place within six days after the seizure ; that being the most remote period to which the sale could be delayed. The only omission, therefore, in this warrant, which is supposed to be material, is as to the provision requiring the sale to be made in seven days after the seizure.

It is unnecessary to decide what would be the effect of a warrant directing proceedings by the collector contrary to law, and whether, under such a warrant, a collector could justify a seizure and sale of property upon showing that he had, in disregard of his warrant, in fact pursued the provisions of the statute. The warrant in the present case is liable to no such objection. Its defects, if any, are those of omission. But the duties enjoined by the revised statutes were wholly observed in the execution of this warrant, and all the proceedings of the collector were in entire accordance with them, and they might well be so, and yet conform to the warrant in the discharge of all duties therein prescribed.

We do not perceive any such defect in this warrant as should render the proceedings under it void or illegal. I am aware that it is said, on the part of the plaintiff, that if this warrant

might have authorized a seizure, yet, under the construction heretofore given to such warrants, it would not authorize a sale on the seventh day after such seizure. But it seems to us that the construction given to such warrants, under the former statutes, in which there was no direct enactment limiting the number of days within which the sale should be made, does not now apply ; certainly not with the same force. That which was, before the revised statutes, left to construction, is now made certain and plain by express words. The statute having fixed seven days after the seizure as the time within which the sale must be made, we think that it was competent for the collector, under this warrant, to sell the property within that period. In thus doing, he conforms to the requirements of the statute, and deprives the party of no privilege secured to him by law.

2. It is further objected, that there was no demand of payment of the tax before making the distress. The provisions of the Rev. Sts. *c.* 8, § 3, are that " the collector shall, before distraining the goods of any person for his tax, demand payment thereof of such person if to be found within his precinct." But the case finds that the plaintiff was a non-resident, having no agent or attorney to act for him ; and the collector certifies, in his return, that he demanded the payment of the tax, at the last and usual place of abode of the plaintiff, in Florida, and not being able to find him in his precinct, he afterwards seized the property, &c. This was all the demand the officer could properly make, and, as it seems to us, was all that the statute requires in the case of a non-resident.

*Judgment for the defendant.*