## MITCHELL M. CANFIELD *vs.* WILLIAM E. MITCHELL.

A *qui tam* action, brought upon a statute for a penalty or forfeiture, is a civil action, and may be appealed as such.

An information *qui tam* is a criminal proceeding.

ACTION *qui tam*, upon a statute with regard to nuisances upon highways, to recover a penalty given by the statute, one half to the prosecutor and one half to the town; brought before a justice of the peace, and appealed by the plaintiff, from the judgment of the justice in favor of the defendant, to the

Court of Common Pleas of New Haven County. In that court the defendant pleaded in abatement that the proceeding was a criminal one and could not be appealed by the plaintiff. The court (*Robinson, J.,*) sustained the plea and dismissed the case, and the plaintiff brought the record before this court by a motion in error.

*J. A. Wilson,* for the plaintiff, cited 1 Swift Dig., 186; *Pettis* v. *Dixon,* Kirby, 179; *Coit* v. *Geer,* id., 269; *Hinman* v. *Taylor,* 2 Conn., 360; *Bradley* v. *Baldwin,* 5 id., 288; *Houghton* v. *Havens,* 6 id., 307; *Munson* v. *Atwood,* 30 id., 102.

*W. Cothren,* for the defendant, cited *Hinman* v. *Taylor,* 2 Conn., 360; *State* v. *Hyde,* 11 id., 543; *State* v. *Brown,* 16 id., 54, 58; *Coit* v. *Geer,* Kirby, 269; 2 Swift Dig. (Rev. ed.,) 395, 881; Broom's Com., 99, 719, 721.

PARDEE, J. The statute provides that "if any person shall place, or suffer to remain, anything in any highway, or dig up the ground therein, by which the passage of travelers shall be obstructed or endangered or the highway encumbered, the same shall be deemed a common nuisance, and he shall forfeit not less than five, nor more than fifty dollars, half to him who shall prosecute to effect and half to the town where the offence is committed; and the court before which the conviction is had shall order the defendant to remove such nuisance within thirty days, and on his failure to do so it shall be removed at his expense by a constable of the town; and such court may tax such expense and issue an execution therefor."

The plaintiff instituted an action *qui tam* upon this statute for the recovery of the penalty therein named, as well in his own behalf as for the town of Southbury, which was made returnable before a justice of the peace; the parties appeared and were at issue upon the plea of the general issue with notice; and upon this issue the parties were heard and judgment was rendered for the defendant that he recover his costs of the plaintiff. From this judgment the plaintiff took an

appeal to the Court of Common Pleas, which court erased the appeal from its docket, for the reason that the action was criminal in form and substance, and therefore there could be no appeal from the judgment of the justice of the peace.

Chief Justice SWIFT (Digest, Vol. 1, page 586,) says: "Whenever a statute prohibits an act as against the public, such as the neglect of some duty or the commission of some crime, under a penalty or forfeiture, part of which is given to the State and part to him who shall prosecute for it, then any common informer may bring an action *qui tam* on the statute, as well in the name of the State as in his own name, and it is wholly a civil suit and entirely under the plaintiff's control. * * * Whenever an act is prohibited by statute as a public offense under a penalty or forfeiture, part of which is given to the person prosecuting and part to the State, and the statute gives a remedy by information, then the common informer *may* proceed by way of *information qui tam* on the statute, and this is a sort of penal action carried on by a criminal instead of civil process; that is, the information must be presented to some court or magistrate and the party complained of may be arrested by forthwith process; and where the statute gives a remedy by action or information, the informer may elect to proceed by either, and the only distinction is that one is a civil and the other a criminal suit."

The distinction here taken between two possible modes of procedure under the same statute has often been incidentally recognized by judges of this court and rests upon a long and uniformly settled course of practice in this state; and we find no occasion from precedent or upon principle for disturbing it, or for depriving parties of the right to elect which of the two modes they will adopt. Indeed, upon general principles we should as a rule incline to encourage the adoption of civil rather than criminal forms of procedure where justice could as well be administered under the former as the latter, and to open rather than bar the door of appeal.

The case before us seems clearly to fall within the class first mentioned by Judge SWIFT; that is, it is an *action*, not an *information*, upon the statute. In *substance, in reality*, it is

instituted by the plaintiff for the recovery of a sum of money which he says is due to him from the defendant by force of the statute. *In form*, the plaintiff has elected to summon the defendant to answer, not forthwith, but upon a distant return day fixed according to the requirements of the law for all civil processes returnable before a justice of the peace; he has given bonds, and is liable for the payment of costs; service is made by leaving a copy of the original writ at the defendant's usual place of abode; the defendant is not arraigned; he appears not in person but by his attorney, and pleads the general issue with notice of special matter of defense, and the plaintiff can withdraw the suit. The features are civil, not criminal; so that both in substance and form the action is civil. And that the plaintiff could elect to proceed civilly in this instance, is, as we have said, well settled, notwithstanding there are words in the statute such as " offense," and " conviction," which are legally pertinent to criminal rather than civil proceedings.

The case of *Bartlett* v. *Evarts*, 8 Conn., 523, was an action *qui tam*, brought originally before a justice of the peace, for a penalty given in the first section of the act concerning nuisances, for obstructing a highway; substantially the section and the act upon which the case before us is founded. Upon the hearing the court rendered final judgment for the defendant; the plaintiff filed a bill of exceptions and brought a writ of error, on which the Superior Court reversed that judgment; and on motion in error by the original defendant the latter decision was brought before this court for revision, and this court found no error in the judgment complained of. This presents an instance of an inferential recognition of the civil character of an action which seems to partake of the nature of the one before us.

We think there is error in the judgment of the Court of Common Pleas, and that the case should be restored to the docket of that court.

In this opinion the other judges concurred.