## UNITED STATES *v.* LAESCKI.

*(District Court, N. D. Illinois.* February 2, 1887.)

COUNTERFEITING — GOVERNMENT BOND—NATIONAL BANK NOTE—RECOVERY OF
PENALTY—QUI TAM ACTION—INDICTMENT.

Under Rev. St. U. S. §§ 5188, 3708, the penalties provided for the making and
uttering business cards in the likeness of a government bond or national bank-
note is only recoverable by a *qui tam* action, brought by an informer, and can-
not be recovered by indictment at the instance of the government.

Indictment for Counterfeiting.
*Wm. G. Ewing,* U. S. Dist. Atty., for the United States.
*Jesse A. Baldwin,* for defendant.

BLODGETT, J., *(orally.)* A motion is made to quash the indictment
in this case, which is framed on sections 5188 and 3708 of the Revised
Statutes. It will be sufficient to read the first-named section, as the of-
fense is substantially the same in both:

"Sec. 5188. It shall not be lawful to design, engrave, print, or in any man-
ner make or execute, or to utter, issue, distribute, circulate, or use, any busi-
ness or professional card, notice, placard, circular, hand-bill or advertisement,
in the likeness or similitude of any circulating note, or other obligation or
security, of any banking association organized or acting under the laws of the
United States, which has been or may be issued under this title, or any act
of congress, or to write, print, or otherwise impress upon any such note,
obligation, or security, any business or professional card, notice, or adver-
tisement, or any notice or advertisement of any matter or thing whatever.
Every person who violates this section shall be liable to a penalty of one hun-
dred dollars, recoverable, one-half to the use of the informer."

The motion to quash is based upon the ground that an indictment
will not lie to recover the penalties given by these statutes, but that the
offender can only be punished by an action *qui tam,* in the name and
for the use of an informer. It is claimed on the part of the prosecution
that inasmuch as both these sections declare the act to be unlawful,
therefore the government is not bound to await the prosecution by an
informer, but, as a penalty of $100 is provided for each offense, there-
fore an action of debt will lie to recover the penalty, or the offender may
be proceeded against by information or indictment, while it is contended
on the part of the defendant that the penalty can only be enforced by a
suit brought by an informer.

It is well settled that when a statute makes it unlawful to do an act,
and a penalty is given for doing such act, and no special mode of enforc-
ing the penalty is provided, such penalty may be recovered in an action
of debt, or by indictment or information; but when the statute creates
the offense, prescribes the penalty, and the mode of enforcing it, it would
seem that the penalty can only be enforced in the mode provided by the
statute. In *U. S.* v. *Howard,* 17 Fed. Rep. 638, it is said by Judge
DEADY:

"The rule is well settled that when a statute prohibits an act theretofore lawful, and imposes a penalty upon a party committing it, but prescribes no mode of proceeding to enforce it, such party may be prosecuted by indictment or information, and this mode of proceeding is not excluded by a subsequent statute prescribing another remedy. But if that portion of the statute containing the prohibition and penalty also prescribes a particular mode of proceeding to enforce the same, as a civil action to recover the penalty as a debt, such proceeding is the only one that can be maintained. 1 Russ. Crimes, 49; 1 Bish, Crim. Law, 277, 278; 1 Whart. Crim. Law, 24–26; *Rex* v. *Wright*, 1 Burr. 543."

In *Pentlarge* v. *Kirby*, 19 Fed. Rep. 501, Judge BROWN, of the Southern district of New York, says:

"Where the offense is new, and the remedy prescribed, the general rule has long been that the remedy must be sought in the precise mode, and subject to the precise limitations, provided by the act which creates the offense. The rule is founded upon the presumed intent of the legislative authority in connecting the new offense with the particular remedy prescribed to exclude all other remedies."

In *Millar* v. *Taylor*, 4 Burr. 2323, WILLES, J., says:

"If the offense, and consequently the right, which arises from the prohibition be new, no remedy or mode of prosecution can be pursued except what is directed by the act. * * * If the act has prescribed the remedy for the party grieved, and the mode of prosecution, all other remedies and modes are excluded. * * * If the same act which creates the right limits the time within which prosecutions for violations of it shall be commenced, that limitation cannot be dispensed with."

In *Donalfson* v. *Beckett*, 2 Brown, Parl. Cas. 129, it was held in such cases that there can be no remedy, except on the foundation of the statute, and on the terms and conditions prescribed thereby.

In the case of *Dudley* v. *Mayhew*, 3 N. Y. 9, STRONG, J., says, (page 15:)

"It is very clear that when a party is confined to a statutory remedy, he must take it as it is conferred, and that where the enforcing tribunal is specified the designation forms a part of the remedy, and all others are excluded."

And the same principle is sustained in *U. S.* v. *Simms*, 1 Cranch. 252; 1 Brock. Marshall's Dec. 520; *U. S.* v. *Willetts*, 5 Ben. 220; and *Colburn* v. *Swett*, 1 Metc. 232.

So in *Rex* v. *Wright*, 1 Burr. 543, Lord MANSFIELD said:

"Where new-created offenses are only prohibited by the general prohibitory clause of an act of parliament, an indictment will lie; but where there is a prohibitory particular clause, specifying only particular remedies, there such particular remedy must be pursued."

And in the same case Mr. Justice WILMOT said it had been settled in *Rex* v. *Mullard*, 1 Barnard. 108, "that an indictment will not lie where an act of parliament makes a new offense, and prescribes a particular method of proceeding."

In *Rex* v. *Robinson*, 2 Burr. 800, it was said by Lord MANSFIELD:

"The true rule of distinction seems to be that, where the offense intended to be guarded against by a statute was punishable *before* the making of such statute prescribing a particular method of punishing it, there such particular remedy is *cumulative*, and does *not* take away the former remedy; but where

the statute only enacts 'that the doing any act *not punishable before* shall, for the future, be punishable in such and such a particular manner,' there it is necessary that such particular method, by such act prescribed, must be specifically pursued, and not the common-law method of an indictment."

The statutes now under consideration create the offense, declare the penalty, and make it recoverable, one-half to the use of the informer. No provision is made for proceeding by indictment, information, or action of debt in the name of the United States. An act which before the enactment of these statutes was entirely lawful, is made unlawful, and the penalty of $100 is declared to be recoverable in a specific manner. It seems to me that the legislative intent deducible from the statute itself is that the remedy or mode of enforcement fixed by the statute is to be exclusive; that there is no room for the election of other remedies; and that it would be just as reasonable to say that another penalty can be enforced as that another mode of enforcing the penalty can be adopted. These statutes, in effect, say to all persons: "If you print or stamp upon a United States note or bond, or a national bank-note, any business card or advertisement, you are liable to a penalty of one hundred dollars, recoverable at the suit of an informer,"—and do not say that the offender can be indicted by a grand jury, and tried as a criminal.

The district attorney relies upon the case of *U. S.* v. *Bougher*, 6 Mc-Lain, 277. That was an action brought in the Southern district of Ohio to recover a penalty given by section 10 of the act of 1852, regulating the management of vessels, propelled in whole or in part by steam, for employing an unlicensed pilot. This statute prescribes a great many penalties for violations of its different provisions, and in many of the sections the mode of enforcing the penalties is specifically declared. Section 41 also provides that all penalties provided for in this act may be recovered in a *qui tam* action, one-half to the use of the informer; and the court held that the penalty against the owner of a steam-boat for employing an unlicensed pilot might be enforced by an action of debt in the name of the United States; it being contended on the part of the defendant that such penalty could only be enforced by a suit brought by an informer. But the obvious distinction between that statute and those now under consideration is that it was manifest, from the whole tenor of that statute, that congress intended that the right to sue by an informer was only a permissive, and not an exclusive remedy; while my construction of the statutes under which this indictment is found is that the remedy it gives is exclusive of all others.

The motion to quash is therefore sustained.