OMAHA & REPUBLICAN VALLEY RAILWAY COMPANY
v. JAMES B. HALE.

FILED JUNE 18, 1895.   No. 6001.

1. **Penalties**: RIGHT OF INFORMER TO MAINTAIN SUIT. An informer cannot maintain an action in his own name to recover a penalty, unless authorized so to do by statute.

2. **Railroad Companies**: FAILURE TO WHISTLE OR RING BELL AT PUBLIC CROSSINGS: PENALTY: CONSTRUCTION OF STATUTE. Section 104, chapter 16, Compiled Statutes, construed, and *held*, (1) that the statute is highly penal in its nature and should be strictly construed; (2) that a corporation, by violating the law, forfeits to its sovereign, the state, not to the informer, the penalty denounced by the act; (3) that the statute does not authorize the informer to bring the action in his own name, nor, when brought, to control it.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

See opinion for statement of the case.

*J. M. Thurston, W. R. Kelly,* and *E. P. Smith,* for plaintiff in error:

The plaintiff in error insists that this action cannot be maintained, because, in this state, no officer is known as an informer, nor is power given to any person as such; and, in the section upon which this action is predicated, no authority is given to any person to commence suit in his own behalf, or for himself and any second party, to recover therein the penalty, or any portion thereof, mentioned in the statute. (*Foster's Case,* 6 Coke, [Eng.], 56; *State v. Sinnot,* 15 Neb., 472; *Iler v. Cronin,* 34 Neb., 424; *Graham v. Kibble,* 9 Neb., 182; *Stone v. Lannen,* 6 Wis., 485; *Shields v. Klopf,* 70 Wis., 69; *City of Hastings v. Thorne,* 8 Neb., 160; *City of Tecumseh v. Phillips,* 5 Neb.,

312; *State v. City of Lincoln,* 6 Neb., 12; *State v. Herns,* 14 Neb., 477; *Fleming v. Bailey,* 5 East [Eng.], 313; *Barnard v. Gostling,* 2 East [Eng.], 569; *Davis v. Edmonson,* 3 B. & P. [Eng.], 382; *Colburn v. Swett,* 1 Met. [Mass.], 232; *Smith v. Look,* 108 Mass., 139; *Wheeler v. Goulding,* 13 Gray [Mass.], 539; *Nye v. Lamphere,* 2 Gray [Mass.], 295; *Lynch v. Steamer "Economy,"* 27 Wis., 69; *United States v. Laescki,* 29 Fed. Rep., 701; *State v. Hannibal & St. J. R. Co.,* 1 S. W. Rep. [Mo.], 134; *Arzbacher v. Mayer,* 53 Wis., 380; *Willard v. Reas,* 26 Wis., 540; *Willard v. Comstock,* 58 Wis., 565; *Neville v. Clifford,* 55 Wis., 161; *St. Louis, A. & T. R. Co. v. State,* 19 S. W. Rep. [Ark.], 573; *Otis v. Thorne,* 18 Ala., 395; *Davis Avenue R. Co. v. Mallon,* 57 Ala., 168; *Dubbers v. Goux,* 51 Cal., 154.)

*Pound & Burr* and *Roscoe Pound, contra,* cited as to right of James B. Hale to maintain the action : *Chicago & A. R. Co. v. Howard,* 38 Ill., 414; *Drew v. Hilliker,* 56 Vt., 641; *Winne v. Snow,* 19 Fed. Rep., 507; *Middleton v. Wilmington & W. R. Co.,* 95 N. Car., 167; *Commonwealth v. Howard,* 13 Mass., 222; *State v. Bishop,* 7 Conn., 181; *State v. Smith,* 49 N. H., 155; *Vandeventer v. Van Court,* 2 N. J. Law, 155; *Mitchell v. State,* 12 Neb., 538; *Doss v. State,* 6 Tex., 433; *Caswell v. Allen,* 10 Johns. [N. Y.], 118; *Wardens v. Cope,* 2 Ired. [N. Car.], 44; *Rayham v. Rounseville,* 9 Pick. [Mass.], 44; *Cincinnati, S. & C. R Co. v. Cook,* 37 O. St., 265.

*W. H. Woodward,* for Lancaster county.

Ragan, C.

James B. Hale, suing for himself and the state of Nebraska, brought this suit in the district court of Lancaster county against the Omaha & Republican Valley Railway Company to recover the penalty denounced by section 104,

chapter 16, Compiled Statutes, 1893, against corporations owning railroads that had neglected to sound a whistle or ring a bell at railroad and street crossings. The petition contained seventy-six causes of action, substantially alike, and prayed judgment as follows: "Wherefore the plaintiff prays judgment against the defendant for the sum of $3,-800 and costs of suit." Hale had a verdict and judgment, and the railroad company has prosecuted to this court a petition in error. The section of the statute on which this action is based (said section 104) is as follows: "A bell of at least thirty pounds weight or a steam whistle shall be placed on each locomotive engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said railroad shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of fifty dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer, and the other half to this state, and also be liable for all damages which shall be sustained by any person by reason of such neglect." Can the informer mentioned in said statute maintain an action in his own name to recover the penalty provided for therein? There seems to be some conflict among the authorities on this question.

In *United States v. Laeschi*, 29 Fed. Rep., 699, it was held that such an action must be brought in the name of the informer, and that the penalty could not be recovered by indictment at the instance of the government. But the statute on which that action was predicated provided: "Every person who violates this section shall be liable to a penalty of one hundred dollars, recoverable, one-half to the use of the informer." The word "recoverable" in this statute would seem to authorize a suit for the penalty by the informer.

The *Chicago & A. R. Co. v. Howard*, 38 Ill., 415, was an action brought by Howard, suing for himself and the

state of Illinois, against the railroad company. The statute on which the action was based provided that if the railroad company should fail to sound a whistle or ring a bell, etc., "it shall forfeit a penalty of fifty dollars, one-half to the informer and the other half to the state." It is to be observed that this statute is almost identical with ours. The court held that the suit was properly brought in the name of Howard.

In *Lynch v. Steamer "Economy,"* 27 Wis., 69, it was held that the informer might maintain an action in his own name for the penalty. The court said: "The action is evidently a *qui tam* action, and, we are inclined to hold, may be brought in the name of the complainant (informer) alone. It is a general rule that a common informer cannot sue for a penalty unless authorized so to do by statute; but many cases hold, where the statute gives the forfeiture, or a part of it, 'to any person who shall prosecute therefor,' that this, or equivalent language, confers express authority upon him to sue in his own name. * * * But if there were any doubt upon this point, it is removed by the language making the penalty a demand or lien against the boat, 'to be sued for and collected in the manner provided' for the collection of demands against boats and vessels. This language, we think, shows that the statute contemplated that the complainant (informer) should be the plaintiff in the action, and that the proceeding should be analogous to an ordinary suit for the collection of a demand against a vessel."

The statute of Arkansas provided that railroad companies should cause a whistle to be sounded or bell rung, etc., "under a penalty of two hundred dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer and the other half to the county," etc. One Bell sued in his name, for the use of the state of Arkansas and Miller county, a railroad company to recover the penalty provided for by said statute.

The court said: "The demurrer to the complaint was properly sustained, as it showed that the plaintiff was not, and that the state was, the party entitled to prosecute the action." (*St. Louis, A. & T. R. Co. v. State*, 19 S. W. Rep. [Ark.], 572.)

In *Nye v. Lamphere*, 2 Gray [Mass.], 295, the court sustained a suit brought by an informer in his own name to recover a statutory penalty, but the statute on which the action was based provided that the penalty was "'to be recovered in any court proper to try the same, one-half to the use of the said town and the other half to any person who shall prosecute therefor.'" This statute expressly conferred authority on the informer to prosecute the action. The court said: "The defendant's objection to the maintenance of this action is that the plaintiff is an informer, and therefore cannot sue in his own name, because authority so to sue is not given him by statute. And undoubtedly it is a general rule that a common informer cannot sue for a penalty, without express statute authority. * * * But by what terms in a statute is such authority conferred? Certainly by terms like those used in the statute on which this action is brought; namely, by giving the forfeiture, or a part of it, 'to any person who shall prosecute therefor.'"

In *Higby v. People*, 4 Scam. [Ill.], 166, a suit was brought to recover a penalty in the name of the people. The statute provided that the penalty sued for should go to the informer and the county; and the court held that the state had no interest in the recovery; that "the statute not authorizing the suit to be instituted in the name of the people, it was improperly brought, and the court erred in not dismissing it."

In *Colburn v. Swett*, 42 Mass., 232, it was held: "As a general rule, a common informer cannot maintain an action for a penalty, unless power is given to him for that purpose by statute."

In *Fleming v. Bailey*, 5 East [Eng.], 313, it was held

that at common law an informer could not sue in his own name to recover a penalty; that he had no right to maintain an action for a penalty except such right was conferred by statute. To the same effect see *Barnard v. Gostling*, 2 East [Eng.], 569.

These authorities, we think, without serious conflict, recognize this rule, an informer cannot maintain an action in his own name to recover a penalty unless authorized so to do by statute. The statute on which this action is based does not expressly authorize the penalty denounced by said statute to be sued for and recovered by an informer, nor does the statute contain any language from which such an authority may be inferred. The act provides that the penalty shall be paid by the corporation owning the railroad. Paid to whom? We think, paid to the state. The corporation, by violating the law, forfeited to its sovereign, the state, not to the informer, the penalty denounced by the act. It is true that the law holds out an inducement to the citizen to inform the officers charged with the execution of the law of its violation and in effect offers the informer a reward for his information; but it does not authorize the informer to bring the action, nor, when brought, to control it.

Counsel for the defendant in error insist that section 617 of the Code of Civil Procedure authorizes an informer to maintain an action for the penalty in his own name, or at least that said section is a legislative recognition of the right of an informer to maintain a suit. The section is as follows: "If any informer, under a penal statute, to whom the penalty, or any part thereof, if recovered, is given, shall dismiss his suit or prosecution, or fail in the same, he shall pay all costs accruing on such suit or prosecution, unless he be an officer whose duty it is to commence the same." We think this argument is untenable. If a statute fixes a pecuniary penalty for its violation and gives a part of such penalty to an informer, and if the statute, or some other,

authorizes such informer to maintain an action in his own
name for such penalty, then, by the section of the Code re-
ferred to, if such informer should bring his action and dis-
miss it or fail in the same, he would be liable for the costs.
The statute on which the case at bar is based is one highly
penal in its nature, and it must be strictly construed; and
since this statute, nor any other, neither expressly, nor by
implication, authorizes the penalties prescribed therein to
be sued for and recovered by the informer, we hold that
Hale cannot maintain this action. The judgment of the
district court is reversed and the action dismissed.

REVERSED AND DISMISSED.