Pplegbr, J.
Opinion on motion to dismiss.
As this case was ready to be submitted to a jury one of the defendants, John Kilgour, by leave of court, filed a motion to dismiss this case on three grounds, (1), that W. D. Guilbert, auditor, had no authority to bring or maintain this action in his name as plaintiff; (2), that this court had no jurisdiction of the alleged cause of action in the petition; (3), that since the filing of the answer in this cause the partnership carrying on business under the firm name of Franklin Bank had been dissolved by the death of Charles II. Kilgour prior to the first day of January, 1907.
The third ground of the motion is not urged. The second it is claimed is practically the same as the first although it is doubtful whether the question of jurisdiction of the cause of action involves the right of the plaintiff to recover.
The first ground especially is insisted upon, namely, that the plaintiff, W. D. Guilbert, as auditor of the state of Ohio, had no *210 authority to bring this action in his own name; that he could only bring it in the name of the state of Ohio!
Under the title of 1 ‘ Savings and Loan Associations ” it is provided by statute that they shall make semi-annual reports of their financial condition. Under Section 3818 a penalty of $30 for each day’s delay is prescribed, “which penalty may be collected by a suit to be brought by the auditor of state, or by any creditor of the association before any court of competent jurisdiction * * * ; and all sums of money collected for penalties under this section shall be paid into the treasury of the state. ’ ’
The petition does not purport to be brought in the name of the state of Ohio. It is brought by W. D. Guilbert, who describes himself as auditor of the state. The plaintiff justifies his position in the language of the statute referred to, namely, that the suit may be brought by the auditor of the state. The statute is silent on the question of whose name shall be used for that purpose. Inasmuch as there are many other sections in the same chapter and in other portions of the statute requiring the proceedings to recover penalties to be brought in the name of the state, it is argued, inferentially at least, that this omission in Sec-' tion 3818 gave the auditor the right to bring an action in his own name.
After a search of the digests and the citations under a number of sections of the statute governing actions to recover penalties, I have been unable to find any expression of the Supreme Court on this subject, unless it be that of Hunter v. Field, 20 Ohio, 340, which holds that all suits for money due the state should be brought in the name of the state. This is, however, not decisive of the question before us.
Higgins v. Grove, 40 O. S., 521, is cited by the plaintiff as holding explicitly that under a similar statute an action in the name of a private person was proper. The section there construed is quite similar. It provides for the recovery of the penalty “by an action at the suit of the trustees of the township or of any person suing for the same.” The action was maintained by the plaintiff in his individual name. The question determined was whether the plaintiff could institute the proceedings for the recovery of the penalty which was payable into *211 the township treasury or whether the trustees only could do so, and not whether the plaintiff could maintain the action in his own name. Such an issue was not raised or decided. The penalty was payable into the treasury of the township (not a legal entity) while in the case at bar it is payable to a legal entity, to-wit, the state as sovereign.
In another ease cited, Railway Co. v. Commissioners, 31 O. S., 338, it is claimed that the act merely authorizes the county commissioners to recover penalties for injuring highways within the county and did not specify in whose name the suit should be brought, and the judgment in their own names was affirmed by the Supreme Court.
This law distinctly provided that the suit should be brought in the name of the county commissioners and the Supreme Court said on page 344 — ■
“The act declares a liability for certain wrongful acts of the public and authorizes the enforcement of that liability in an action to be brought in the name of the county commissioners.”
It therefore throws no light on the question at issue.
The next case' commented upon is Burton Twp. v. Tuttle, 30 O. S., 62, which was an action to recover a statutory penalty for obstructing a highway. The action was brought in the name of the trustees of the township. In this ease the defendant questioned the right of the trustees of the township to sue for the penalty notwithstanding the plain provision of the statute. The Supreme Court said at page 67—
“The sense of this statute as to the power of the trustees of the township to maintain an action for the penalty is manifest. Of this there is no room 'for doubt. Their right to bring and maintain the suit is clear.”
There is no significance in this language unless the first words of the last- sentence throw doubt upon the right of others so to do. But I attach no such importance to them. This case, therefore, in my opinion, has no application.
Of a similar purport is the case of Bittle v. Hay, 5 Ohio, 270, decided in 1831. A supervisor of roads brought suit in his own name to recover a penalty for the opening of roads. Whether he was a state or township officer does not appear. At all events the direct question of the authority of the plaintiff to bring an *212 action in his own name was not raised. The same may be said of Com’rs of Richland County v. Citizens Elec. Ry., 9 C. C., 183.
It is next argued that Section 2907, which provides for the commencement of proceedings to sell property to pay delinquent taxes on the part of the county treasurer and which authorized him to make party defendant the state of Ohio, would create an anomalous situation if the action were brought in the name of the state as plaintiff, because the state would be suing itself as defendant. The existence of such an inconsistency, if one it is, furnishes no sound argument in favor of plaintiff’s contention.
A pursuit of this subject among 'the old qui tarn actions brought under informer statutes would have been much more fruitful, for the authorities are numerous and on the question at issue greatly divided. The very nature of the action in which an informer had a private interest was suggestive of a suit brought by him as informer- for himself, as well as the state or public beneficiary. And yet the rale at common law was that the informer could not sue in his own name to recover a penalty nor could he maintain an action except such right was conferred by statute. Fleming v. Bailey, 5th East, 313; Colburn v. Sewell, 42 Mass., 332; Nye v. Lamphere, 2 Gray (Mass.), 295.
In a number of cases it is held that where a part of the penalty goes to the informer in the absence of other express words authorizing suit in his own name, it is equivalent language to express authority to sue in his name. Lynch v. Steamer Economy, 27 Wis., 69; Chicago & A. Ry. Co. v. Howard, 38 Ill., 415; Canfield v. Mitchell, 43 Conn., 169; U. S. v. Iaeski, 29 Fed., 699; People v. Young, 72 Ill., 411; Smith v. Look, 108 Mass., 139.
In another case it is held that even though the informer is to receive a moiety of the penalty he can not sue for it in his own name; but that it is otherwise if he is entitled to all of the penalty. Dexter v. Blackden, 93 Me., 473-487.
Perhaps the most favorable authority in support of plaintiff’s position is that of McRae, for himself and the Wardens of the Poor, v. John Keller, 10 Iredell (N. C.), 398, in which an action was authorized in the name of the informer where the statute gave him one-half of the penalty. It is held in this case that expressions such as “to him that will sue for the same,” and, ‘ ‘ to the use of the party suing for the same, ’ ’ necessarily imply *213 if they do not expressly confer the plaintiff’s right of action qui tom.
The late eases, however, do not recognize' the right of the informer to bring and maintain an action in his own name unless expressly authorized thereto by statute. A number of cases cited on the other side of the proposition are commented on in the ease of Omaha & Republican Valley Ry. Co. v. Hale, 45 Neb., 418, and it is said in the opinion as follows.:
“These authorities we think without serious conflict recognize this rule — that an informer can not maintain an action in his own name to recover a penalty unless authorized so to do by statute. This statute does not expressly authorize the penalty to be sued for and recovered by the informer nor does it contain language from which such authority may be inferred. * * * The act provides that the penalty shall be paid to the state, not to the informer. It is true the law holds out an inducement to the citizens to inform the officers charged with the execution of the law of its violation and in effect offers the informer a reward for his information but it does not authorize the informer to bring the action nor when brought to control it.
“It is claimed that Section 617 authorizes the informer to bring an action (because it says) 'if any informer under the penal statute to whom the penalty or any part if recovered is given shall dismiss his suit or prosecution or fail in the same he shall pay costs,’ ” etc.
Notwithstanding this expression this court said:
This statute is highly penal in its nature. It must be strictly construed and since this statute or any other neither expressly nor by implication authorizes penalties to be sued for and recovered by the informer we hold.that plaintiff can not maintain’ this action.’’
Another case peculiarly applicable to the one at bar is that of Ry. Co. v. State, 56 Ark., 166.
The same arguments made in this case were made there. It was also contended that the penalty imposed marked them as criminal actions and it was claimed that to recover such penalty by civil action violated a similar provision of their constitution.
The Supreme Court of Arkansas said, however, that where statutory penalties are imposed recoverable by civil action in *214 order to quicken the performance of the public duty and to promote the general good they are not criminal offenses within the meaning of the Constitution which would require presentment or indictment by a grand jury. It also decided that where one half of the penalty for failure to signal at a railway crossing was payable to the informer, the action must be prosecuted in the name of the state and not in the name of the informer, and that there could be no amendment of the parties by substituting the real party in interest.
This ease was approved in Kansas City R. R. v. State, 63 Ark., 134, and in C. O. & G. Ry. v. State, 75 Ark., 369.
To the same effect is the case of Smith v. Look, supra, 108 Mass. At' page 140, the Supreme Court said:
“It is a general rule that no such action can be maintained by the informer unless power is given to him by the statute for that purpose. ’ ’
On page 141:
‘ ‘ That when no right is given to a private prosecutor to bring an action in his own name, then, as the right to enforce all penalties made to insure obedience to general laws is in the commonwealth, they will be prosecuted by the commonwealth.”
See, also, Brownell v. Old Colony R. R., 164 Mass., 30, and State v. Kennedy, 5 Strobhart (S. C.), 160.
The only case in Ohio directly in point is that of Hilton v. Morse, 2 West Law Mo., 317, which was a decision of the Washington County District Court in 1860 holding that, where the statute annexes a penalty for. an offense, a private person to whom no interest in the penalty is given can not, in the absence of a statutory provision expressly authorizing it, sue in his own name but the action must be prosecuted in the name of the state.
In view of the absence of any words in the statute authorizing the auditor of state to bring this action in his name and of the provision that the penalties are payable into the treasury of the state, and of the trend of the decisions in this and in other states, I am of the opinion that this action can not be brought or maintained in the name of the auditor as an individual. Although it is unnecessary for the court to determine the point raised by the defendant that this penalty can only be imposed by a crim *215 inal proceeding and that it is in violation- of Section 20, Article IV of the Constitution, the ease of Ry. v. State, 56 Ark., 166, is a complete answer thereto.
I was considerably troubled with the question raised by plaintiff’s counsel and the principle announced in the case of Illinois Central Ry. Co. v. Adams, 180 U. S., 28, that a suit by an individual instead of the state is a defense to the merits rather than to the jurisdiction of the court and should be raised either by demurrer or answer and not by motion to dismiss.
In Galpin v. Lamb, 29 O. S., 529,.which was an action brought by a mortgagee to recover damages for a breach of contract of purchase made with a sheriff, it was found that the sheriff was the one empowered to bring suit. A demurrer was filed but it was not on the ground of legal capacity. It was urged, therefore, that the point that the plaintiff could- not maintain the action was waived. On page 536 the Supreme Court said:
“The objection to the plaintiff’s maintaining the action is not waived as is claimed in argument by the failure to demur on the ground of a defect of parties plaintiff. The objection is not that there is a defect of parties, but that no right of action is shown to exist in the plaintiff.”
See, also, Bates’ Pleading & Pr., Vol. 1, p. 3, paragraph 8—
“Not only is it a good defense that the plaintiff is not the real party in interest as a right of the debtor to be sued by the real party, but the objection is not waived by failure to demur or answer, and the suit must be dismissed by the court on the fact appearing, for a good cause of action in favor of some one else is not sufficient. The objection does not relate to the want of capacity on the plaintiff to sue, but to the fact that no right of action is in him. No amendment to cure it is possible, for that would be substituting a different cause of action.”
See, however, L. S. & M. S. Ry. Co. v. Elyria, 69 O. S., 414.
On matters of practice, therefore, we are bound to follow our own courts. Personally, I am not in sympathy with the -tardy action of defendant in raising these questions at the time of trial and when another action on the part of the state may be barred by the statute of limitations. But I apprehend that it would be an abuse of judicial discretion were I to refuse the right to *216 entertain, either a motion to dismiss or in its place to allow a demurrer or pleading to be filed setting forth the want of capacity on the part of the plaintiff.
E. 17. Kiilredge and J. Shroder, for the motion.
H. K..Rogers, E. G. Kinkead and Chas. F. Williams, contra.
The motion to dismiss the case on the ground that the plaintiff has no right of action will therefore'be sustained.
There will be no necessity of passing on the other grounds of the motion.