CHIEF JUSTICE SIMPSON
delivered the opinion of the court:
In the case of Hord vs. Hord, &c., (5 B. Mon., 81,) it was decided that a deed executed by husband and wife, transferring to the grantee their reversionary interest in the slaves of the wife, was not authorized by any of the statutes prescribing the mode in which deeds were to be executed by husband and wife, and therefore was not obligatory upon the wife. The statutes which authorize husband and wife to execute deeds of conveyance, were decided to relate exclusively to real estate, and not to apply to slaves or personalty. According to the doctrine established by that case, the deed which the appellant executed *235 in conjunction with, her husband, to Bradley and Davis, forms no obstacle to her recovery in this case, so far as the slaves in controversy are concerned, unless the sale made by her husband operates to defeat her right to them, by survivorship.
Since the decision of the case of Thomas vs. Kennedy, (4 B. Mon., 235,) the doctrine recognized by this court on the subject of the transfer by the husband of the wife’s reversionary interest in slaves, is, that such transfer, although for a valuable consideration, does not have the effect of defeating her right by survivorship. In the foregoing case of Hord vs. Hord, the court said that the grantee of the husband acquired all the interest of the husband, but he took it subject to the wife’s equity, and also to her right of survivorship. In the case of Wright vs. Arnold, (14 B. Mon., 638,) the court in commenting upon the decision in the case of Hord vs. Hord, concede that doctrine to be correct, and recognize the distinction between an assignment by the husband of such of his wife’s choses in action as are susceptible of being immediately reduced into possession, and of her reversionary choses in action, or interests in slaves or other personalty which cannot be reduced to possession by the husband. The sale and transfer of the former by the husband for a valuable consideration, will operate to defeat the wife’s right by survivorship, but a transfer of the latter will not have that effect.
The right of the husband to the reversionary interest of the wife in slaves, belonging to her prior to her marriage, or accruing during coverture, is merely a right to obtain the possession of them, when the period arrives at -which the wife is entitled to their possession; and if he die in the meantime, leaving his wife surviving him, his right is gone, and the right of the wife takes effect by survivorship. The assignee of the husband for a valuable consideration purchases the chance of the husband outliving the wife, or of the reversionary interest falling into possession during the coverture. This is all that he acquires by his purchase; and if the husband die before the wife, and before the period arrives at which the -wife is entitled to the possession of the slaves, the right survives to the wife, and the purchaser does not obtain anything by his purchase. This we *236 think is the correct doctrine, and it is sustained by almost all the modern adjudications on the subject.
The right of the wife, therefore, in this case, is clear unless she has done some act by which she is precluded from asserting her claim in a court of equity. In the case of Hord vs. Hord, it was decided that the deed derived no additional validity against the wife, from the fact that it was acknowledged by her, and recorded. As the execution of the deed by the wife is invalid and inoperative, it cannot have the effect of depriving her of the right to assert her claim to the slaves. There is no testimony that she made any representations to the purchasers, or that the purchase was made at her instance or for her benefit. The case, therefore, does not come within the principle settled in the case of Wright vs. Arnold, &c., (14 B. Mon., 638.) Pier declaration at the time of the division of the slaves, that she had sold them, and had no interest in them, did not prejudice the rights of any one, and cannot therefore operate upon her as an estoppel. Neither could it have the effect of rendei’ing valid the sale made by her husband and herself, which as to her was absolutely void, she being a married woman, and incapable of making such a contract, the deed having been executed before the act of 1846. The act being void, was not susceptible of confirmation. Her statement at the time referred to was in fact nothing more than an expression of her opinion of the legal effect of the joint deed of herself and her husband. She was evidently laboring under the belief that the sale was valid, a,nd that she had no interest in the slaves.
The court, therefore, erred in dismissing her petition. By the deed which she and her husband executed, her interest in the land passed to the purchaser, but not her interest in the slaves. By the death of one of her brothers, which subsequently occurred, she acquired an interest in the land, and also an additional interest in the slaves, subject, however, to the rights of his creditors.
Wherefore, the judgment is reversed, and cause remanded for further proceedings according to the principles of this opinion.