GEORGE  W.  WHEELER  *vs.*  HENRY  GOULDING.

In an action commenced by a city treasurer against one who has fraudulently transferred shares in a corporation in order to avoid taxation, to recover the penalty imposed by *St.* 1843, *c.* 98, § 3, " one half for the use of the city, and the other half for the use of the person furnishing the necessary evidence in the case," a nonsuit may be entered by agreement of the plaintiff and the defendant, against the objection of the person who furnished the evidence.

ACTION by the treasurer of the city of Worcester, on the *St.* of 1843, *c.* 98, § 3, to recover of Goulding (who was alleged to have fraudulently transferred certain shares in the Providence and Worcester Railroad Corporation for the purpose of avoiding taxation) half of the par value of said shares, one moiety to the use of the city, and the other moiety " for the use of the person or persons furnishing the necessary evidence in the case."

After the defendant had answered, denying the allegations of the declaration, Welcome Farnum presented a petition to the court, in which he represented " that previously to the commencement of the action he furnished to the assessors of the city of Worcester, by whose direction said action was brought, and to said George W. Wheeler, treasurer, the necessary evidence that said conveyance was so made by said Goulding as

aforesaid; that the petitioner is informed and believes that the said city of Worcester and said Goulding have settled or are about to settle the said action, without any regard to the rights of the petitioner, and so that the whole proceeds of said action shall be or have been recovered by the city of Worcester;" and moved that he might be admitted as a party to prosecute said action in the name of the city of Worcester or the treasurer thereof; and offered to file a bond of indemnity to the city against costs.

The plaintiff and defendant objected to the filing or allowance of the petition, and afterwards agreed that a nonsuit might be entered in the action; and at August term 1859 of the superior court, *Wilkinson*, J. declined to hear evidence of the truth of the facts stated in the petition, and ordered it to be dismissed, on the ground that, as a matter of law, the petitioner was not entitled to appear, even if the facts were true. The petitioner alleged exceptions.

*C. Devens, Jr.* for the petitioner. An action on the *St.* of 1843, *c.* 98, can only be brought by the treasurer, and he can empower no one else to bring it. *Colburn* v. *Swett*, 1 Met. 232. The treasurer is not a common informer, but is entitled to bring this action as trustee for the parties interested in the penalty, and has assumed to act as such, and has sued for the petitioner's share of the penalty. It is therefore a stronger case than that of a mere common informer, and even in those cases the party other than the informer, interested in the penalty, although it be the king, cannot settle the suit without payment of the share of the informer. *Stretton* v. *Tayler*, Cro. Eliz. 138. *Farrington's case*, Cro. Car. 10. And the informer cannot settle the suit without leave of court, which will never be granted without payment of the shares due other parties. *Sts.* 18 Eliz. *c.* 5, § 3; 27 Eliz. *c.* 10. *Howell* v. *Morris*, 1 Wils. 79. *Brown* v. *Bailey*, 4 Bur. 1929. *King* v. *Clifton*, 5 T. R. 258. *Howard* v. *Sowerby*, 1 Taunt. 103. *Lee* v. *Cass*, 2 Taunt. 213. *Crowder* v. *Wagstaff*, 1 Bos. & Pul. 18. *Bradway* v. *Le Worthy*, 9 Johns. 251. *Minton* v. *Woodworth*, 11 Johns. 474. *Raynham* v. *Rounseville*, 9 Pick. 44. *Burley* v. *Burley*, 6 N. H. 200.

No permission of court is asked for or granted in the present case ; and perhaps, if it were a case of a common informer, the court would not interfere, because such a settlement would not be a bar. *Raynham* v. *Rounseville,* 9 Pick. 44. *Haskins* v. *Newcomb,* 2 Johns. 405. But in this case it would, the treasurer being the only one entitled to sue. The petitioner can have no remedy against the plaintiff for a share of the amount received by him for settlement of the action, even if it be equal to the whole penalty. *Raynham* v. *Rounseville,* 9 Pick. 44. He has a right to proceed in the name of the treasurer, upon securing him from costs, having a direct interest in the forfeiture to which he is entitled, for aiding in bringing an offender before the court. *Burley* v. *Burley,* 6 N. H. 200.

This is like a case of an equitable assignment of a chose in action, in which the assignor cannot discharge the suit of the assignee or prevent him from using his name ; or the case of one having a lien on a judgment, who may sue it in the name of the general owner, although he release. *Dunn* v. *Snell,* 15 Mass. 481. *Jones* v. *Witter,* 13 Mass. 304. *Usher* v. *D' Wolfe,* 13 Mass. 290. *Brigham* v. *Clark,* 20 Pick. 43. *Woods* v. *Verry,* 4 Gray, 357. When the condition of a bond is for the benefit of a third person, such person may maintain an action in the name of the obligee. *Sanders* v. *Filley,* 12 Pick. 554. Whether the nominal party could have been compelled to commence the action or not, he has now no right to discontinue. The evidence presented before the commencement of the action entitles the petitioner to the moiety of the penalty, as much as if furnished at the trial. If an actual judgment in the action is necessary, the petitioner has a right to prosecute the action to judgment.

Unless this construction is given to the statute, there is no means of preventing collusion between the nominal plaintiff and the defendant, by which that plaintiff will obtain more than he is entitled to, and others no part of the forfeiture. Or the treasurer, after securing the share of the town may be exposed to the temptation of making corrupt bargains tur his own benefit.

*F. H. Dewey,* for the defendant, (*D. Foster,* for the plaintiff, with him.)

Shaw, C. J.   This action is quite distinguishable from a *qui tam*.   That is a well established remedy, known to and regu lated by the common law, as a mode of securing the execution of penal laws, where it is expressly given by statute, and has its own rules.   But it can be used only in cases where it is expressly given.   *Colburn* v. *Swett*, 1 Met. 232.

Even in a strictly technical *qui tam* action, we suppose the suit, that particular suit, is under the direction and control of the plaintiff who brings it, and he may abandon or discontinue it; but it is with this qualification, that if discontinued or non-suited without the authority and permission of the court, the case will stand as if no action had been brought, and will not bar another suit for the same penalty, brought by any other party entitled to sue for such penalty.

But the statute, giving the penalty sued for in this case, is precise and explicit, in directing that the amount forfeited is " to be recovered by the treasurer of the city or town in which such shareholder may reside ; one half to the use of the town, and the other half for the use of the person furnishing the necessary evidence in the case."   It is perfectly clear therefore, and this rule is not denied by the petitioner, that no other person but the treasurer of the city of Worcester could sue for this penalty. As this power is vested in a high officer of the municipality, for whose special benefit the law was made, and as he is to recover no part of the penalty to his own use, it may be a question whether, in prosecuting for such penalty, he would be bound by the lawful orders and directions of the municipal government, whose officer he is; but that is not a question arising here. We are all of opinion that, except so far as he may be bound to act under such orders and directions of the city government, or is disposed to exercise his discretionary power, in subordination to such directions, not only the right to institute such suit is vested in such treasurer, but the right to prosecute and discontinue it.

The petitioner having, as he says, an interest in the penalty, for which alone the treasurer of Worcester can sue, contends that his case is analogous to that of the assignee of a chose in

action, who, without other authority, may sue in the name of the legal creditor, and whose right will be recognized by the court before which the action is brought, and be protected against the interference of the assignor.   But the analogy does not hold; such an assignment is a power to collect and sue for the debt, and, when recovered, to hold it to his own use, and such a power, being coupled with an interest, is irrevocable.

Besides, if the analogy would hold, the petitioner, if no action were voluntarily brought by the treasurer, might bring an action in the name of the treasurer, on the ground of having furnished the necessary evidence.   If he might, any other person might, with an averment that he had furnished such necessary evidence.   And we do not perceive why the right and power of the treasurer to prosecute his own suit, in such time and manner as his own judgment may dictate, would be suspended or taken away.   Such, in our judgment, is not an admissible construction of the statute.   Nor are we aware of any mode by which the treasurer would have been judicially required, against his own determination, to commence a suit for such penalty, for the benefit or at the instance of this petitioner.   The right of the petitioner does not arise until some penalty has been recovered.   It appears to us clear, that if the petitioner could not legally have required the city treasurer to commence a suit for his benefit, he cannot now ask the aid of the court, to permit him to take the prosecution of the suit out of the hands of the officer in whom the law has placed it, and conduct it himself, though he might, in fact, have a right to claim part of the penalty, when recovered.   On these considerations, we concur with the superior court, that this petition cannot be granted.

*Exceptions overruled, and petition dismissed.*