AT THE

## OCTOBER SESSION 1871, IN BOSTON.

---

PRESENT:

Hon. REUBEN A. CHAPMAN, CHIEF JUSTICE.
Hon. HORACE GRAY, JR.,
Hon. JAMES D. COLT,
Hon. SETH AMES,   } JUSTICES.
Hon. MARCUS MORTON,

---

## DUKES COUNTY.

### HARIPH M. SMITH vs. ALLEN LOOK & others.

The provision of the St. of 1869, c. 384, § 33, that one half of the penalty recovered in any case arising under the laws relating to inland fisheries shall be paid to the person making the complaint therein, does not authorize him to bring an action for the penalty in his own name.

TORT for a penalty under the St. of 1869, c. 384, §§ 31, 33, for taking smelt with a net on March 21, 1870, "in the waters of Tyesquin Brook in Tisbury Great Pond." The declaration alleged that the action accrued to the plaintiff to recover the penalty, one half to his own use as prosecutor, and the other half to the Commonwealth; and that he sued to recover it as well for the Commonwealth as for himself.

At the trial in the superior court, before *Putnam*, J., it appeared that the plaintiff was not a commissioner on inland fisheries nor a deputy of such a commissioner, and the defendants requested the judge to rule that he could not maintain the action. The judge refused so to rule; the jury returned a verdict for the plaintiff; and the defendants alleged exceptions. Other exceptions taken by the defendants are now immaterial.

*J. Brown & M. Williams, Jr.*, for the defendants.

*E. L. Barney & H. M. Knowlton*, for the plaintiff.

AMES, J. The statute which these defendants are charged with having violated provides that "one half of the money recovered as a penalty, in any case arising under the laws relating to inland fisheries, shall be paid to the person making the complaint in the case in which the same is recovered, and the remainder to the Commonwealth." St. of 1869, *c.* 384, § 33. Any person may make the complaint, but the statute does not necessarily import that he is, for that reason, to superintend and control the prosecution. On the contrary, the statute strongly implies that his rights begin when the penalty is recovered, and that when the money is actually recovered some public officer, acting for the Commonwealth, is to see that one half of it is paid to him. The natural import of the language is, that the enforcement of the penalty, and the recovery and collection of the money, are to be managed and controlled by somebody else, and not by himself. An interest in the penalty, when recovered, is a different thing from a right in the complainant or informer to bring an action for the penalty in his own name. It is a general rule that no such action can be maintained by the informer, unless power is given to him by the statute for that purpose. *Colburn* v. *Swett*, 1 Met. 232. *Wiley* v. *Yale*, Ib. 553. *Fleming* v. *Bailey*, 5 East, 313. *Barnard* v. *Gostling*, 2 East, 569. *Davis* v. *Edmonson*, 3 B. & P. 382.

Of the large number of penalties attached, by the General Statutes of the Commonwealth, to the violation of regulations affecting the inspection and sale of provisions and other merchandise; timber afloat or cast on shore; unclaimed property transported by common carriers; the preservation of certain birds and

other animals, and fishes, (*cc.* 49, 78, 80–83, and this enumeration might be greatly extended,) it may be said that nearly all provide in general terms that the offender shall forfeit and pay a sum of money, without saying in express terms in what manner the forfeiture shall be enforced. In such cases the rule provided by the Gen. Sts. *c.* 176, §§ 1, 2, would apply, and they would be recoverable to the use of the Commonwealth, either by indictment or an action of tort. In the few cases in which any special provision is made for any other disposition of such forfeitures, the language is explicit, and the phraseology is, " recoverable in an action of tort to the use of the party suing therefor," or " to the use of any person suing for the same," or " recoverable in an action of tort by selectmen to the use of the town or city," &c. We find no case in which a right of action to any private person in his own name is given in terms less explicit ; and generally such right of action appears to be given as an additional protection to private rights rather than as a punishment for a public offence.

The statute in question does not in express terms give a right to any private prosecutor to bring an action in his own name, nor does it, in our judgment, by any necessary implication. " When no such right is given to any individual or body of individuals, then, as the right to enforce all penalties, made to insure obedience to general laws, is in the Commonwealth," they are to be prosecuted by the Commonwealth. *Colburn* v. *Swett*, 1 Met. 232, 236. *Nye* v. *Lamphere*, 2 Gray, 295. A *qui tam* action is a well established remedy, which is to be resorted to only in cases where it is expressly given. *Wheeler* v. *Goulding*, 13 Gray, 539.

In the case of *Levy* v. *Gowdy*, 2 Allen, 320, which is relied upon by the plaintiff, the question as to the proper party to bring the action was not raised.

As we are of opinion that this action cannot be maintained, we have not thought it necessary to consider the other exceptions.

*Exceptions sustained.*