JOSEPH ROBERGE *vs.* ROSWELL S. BURNHAM.

Middlesex. Jan. 10. — March 1, 1878. AMES & LORD, JJ., absent.

In an action to recover the forfeiture provided by the St. of 1875, *c.* 99, § 15, for the sale of intoxicating liquor to a minor, it is not necessary to prove knowledge on the part of the defendant that the person to whom he sold was a minor.

An action to recover the forfeiture provided by the St. of 1875, *c.* 99, § 15, for the sale of intoxicating liquor to a minor, is a civil proceeding, and the defendant's guilt need not be proved beyond a reasonable doubt.

TORT to recover a forfeiture of $100, under the St. of 1875, *c.* 99, § 15, for selling intoxicating liquor to John Roberge, a minor son of the plaintiff. At the trial in the Superior Court, before *Pitman*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the material parts of which appear in the opinion.

*D. S. Richardson*, for the defendant.

*W. H. Bent*, for the plaintiff.

MORTON, J. The statute under which this action is brought provides that "whoever, by himself or his agent or servant, shall sell or give intoxicating liquor to any minor, or allows a minor to loiter upon the premises where such sales are made, shall forfeit one hundred dollars for each offence, to be recovered by the parent or guardian of such minor in an action of tort." St. 1875, *c.* 99, § 15. It was the plain purpose of the Legislature to make a person, who, like the defendant, keeps a place for the sale of intoxicating liquor, responsible to the parent or guardian, if he, or an agent or servant in his employ, sells liquor to a minor. It does not make knowledge or guilty intent one of the elements of his liability. As in the analogous case of the keeper of a billiard room or table, he is required to see at his peril that liquor is not sold to a minor, either by himself personally or by his agents or servants. *Commonwealth* v. *Emmons*, 98 Mass. 6. The facts,

therefore, which the defendant offered to prove, that his agent who made the sale to the minor, John Roberge, did not know that he was a minor, and that the defendant had instructed his agent not to sell to minors, were immaterial; and the judge rightly ruled that, if the jury were satisfied that the person making the sale was the agent of the defendant, and acting within the general scope of his agency, the defendant would be liable, though the agent was violating the particular instructions of his principal.

The defendant asked the court to instruct the jury " that their verdict should be for the defendant, unless upon the evidence they were satisfied beyond a reasonable doubt that the defendant, by himself or his agent or servant, committed the offence of selling intoxicating liquor to a minor." The presiding judge refused this request.

The rule of evidence requiring proof beyond a reasonable doubt is generally applicable only in strictly criminal proceedings. It is founded upon the reason that a greater degree of probability should be required as a ground of judgment in criminal cases, which affect life or liberty, than may safely be adopted in cases where civil rights only are ascertained. 2 Russell on Crimes (7th Am. ed.) 727. It often happens that civil suits involve the proof of acts which expose the party to a criminal prosecution. Such are proceedings under the statute for the maintenance of bastard children, proceedings to obtain a divorce for adultery, actions for assaults, actions for criminal conversation or for seduction, and others which might be named. And in such actions, which are brought for the determination of civil rights, the general rule applicable to civil suits prevails, that proof by a reasonable preponderance of the evidence is sufficient. *Richardson* v. *Burleigh*, 3 Allen, 479. *Young* v. *Makepeace*, 103 Mass. 50. *Anderson* v. *Edwards*, 123 Mass. 273.

We are of opinion that the same rule applies in the case at bar. The penalty to which the defendant is liable can be recovered only in an action by the parent or guardian, and not by indictment or complaint under the Gen. Sts. *c.* 176, § 2. The statute gives the plaintiff the right to maintain an action of tort, which is a civil action. It is an action given to the party aggrieved only, and is in the nature of a remedial suit. It has all

the characteristics of a civil suit; it is begun by a writ in the usual form; it is at all times under the control of the plaintiff, and may be settled or discontinued by him; it is cognizable only at a term of the court for civil business; it is governed by the provisions of the practice act as to amendments and other matters of practice; and an adverse judgment against the defendant could not be held to be a conviction of a crime which could be shown to affect his credibility as a witness. *Levy* v. *Gowdy*, 2 Allen, 320. *Williams* v. *Taunton*, 16 Gray, 288.

It is true that this action, like all penal actions, partakes somewhat of the character of punishment, but this does not make it a criminal prosecution. When the Legislature gives to the plaintiff a civil action, partly remedial in its nature, it is to be presumed that it is intended that the usual incidents of all civil actions should attach, one of which is that proof by a reasonable preponderance of the evidence is sufficient.

We are therefore of opinion that the judge properly refused to rule as requested by the defendant.

*Exceptions overruled.*