ELI GEMBERLING ET AL. V. JAMES H. SPAULDING.

*Mortgage — Compromise — Consideration — Attorney and client — Ratification — Garnishment.*

After the assignment of a mortgage, the mortgagor was garnished by a creditor of the mortgagee. Soon thereafter the assignee reassigned the mortgage to the mortgagee, who withheld the reassignment from record. The assignee then filed a bill to foreclose the mortgage. The mortgagor answered, setting up as defenses that the assignee did not own the mortgage, and the pendency of the garnishment proceedings. After the suit against the mortgagee had been decided in his favor, the mortgagor died, and his administrator made several payments to the solicitor for the complainant in the foreclosure suit, who was also attorney for the mortgagee in his suit, to apply on the mortgage, and finally paid the remainder of the mortgage debt to the solicitor, less a small sum deducted on account of interest accruing while the garnishment proceedings were pending. The solicitor agreed to discharge the mortgage, but failed to do so, and the mortgagee caused the reassignment to be placed on record. Thereupon the heirs of the mortgagor, against whom the foreclosure suit had been revived, filed a bill to discharge the mortgage. The mortgagee defended upon the grounds:

*a*—Want of consideration for the discharge of the mortgage for a less sum than the amount due thereon.

*b*—Want of authority on the part of the solicitor to compromise the mortgage by virtue of his employment to foreclose it.

The mortgagee had receipted to the solicitor, in the name of the

complainant, for a certain sum, less the amount claimed by the solicitor as his fees, disbursements, and expenses on the foreclosure, as the "balance due on the mortgage collection." He testified that, at the time he signed the receipt, he supposed that the papers had been turned over to the administrator. The solicitor testified that when he reported the settlement to the mortgagee he made no objection, but, on the contrary, gave his approval. And it is held:

*a*—That the assignee was not, under the circumstances, entitled to foreclose the mortgage during the pendency of the garnishment proceedings; that costs could properly have been awarded to the mortgagor in the foreclosure suit, and this was a sufficient consideration for the reduction allowed upon the mortgage.

*b*—That, under the testimony, the circuit judge was authorized to find that the mortgagee ratified the settlement.

Appeal from St. Joseph. (Yaple, J.) Argued January 23, 1895. Decided February 26, 1895.

Bill by the heirs of a mortgagor to compel the discharge by the mortgagee of a mortgage claimed to have been paid by the administrator of the estate of the mortgagor. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*R. R. Pealer* and *George E. Miller,* for complainants.

*H. O. Bliss* and *H. P. Stewart,* for defendant.

MONTGOMERY, J. This bill was filed to compel the defendant to discharge a certain mortgage given by Edward Gemberling in his lifetime, by the complainants, who are his heirs at law. Defendant answered, setting up that the mortgage had not been paid, and praying by way of affirmative relief a foreclosure of the mortgage.

It appears that the mortgage in question was given to secure the payment of $3,500 in annual installments of $500 each, the first of which fell due March 25, 1883. The mortgage bore date March 25, 1882, and was made by Edward Gemberling and wife to defendant. June 16,

1885, defendant assigned the mortgage to his brother, Franklin Spaulding. June 20, 1885, Franklin Spaulding reassigned the mortgage to defendant, James H. Spaulding. In the meantime, and on June 18, 1885, suit was com-- menced by one Pierson against James H. Spaulding, and on the 19th a writ of garnishment was served on Edward Gemberling, who answered. May 6, 1886, Franklin Spauld- ing commenced foreclosure proceedings in chancery, and Gemberling answered in that suit, denying that Franklin Spaulding was the owner, and setting up the fact that he had been served with a writ of garnishment in the suit pending against James H. Spaulding. On the 16th of December, 1886, another suit in garnishment was insti- tuted, the purpose of which is not quite apparent, lut which was probably intended to reach the installments becoming due on the mortgage after the date of the service of the first writ of garnishment. On the 12th of April, 1888, the Pierson suit was ended by judgment for the defendant, and in May, 1888, Edward Gemberling died. Subsequently various payments were made by the administrator of Gemberling to S. M. Constantine, the attorney who represented the complainant in the fore- closure suit, and who represented James H. Spaulding in the Pierson suit; and finally, in January, 1889, a settle- ment was made by the administrator paying to the attor- ney the total amount, less $66.14, Constantine agreeing to have the mortgage discharged. This was not done, how- ever, but, on the contrary, the defendant, who had prior to this time withheld the reassignment to him from record, caused the same to be recorded.

The defendant contends that there was no consideration for a discharge of the mortgage for a less sum than the face, and that an agreement to release for a less sum was *nudum pactum;* and, further, that Constantine, as solicitor

and attorney, had no right to compromise the mortgage by virtue of his employment to foreclose it.

It is very evident that Gemberling's defense to the foreclosure was justified. Franklin Spaulding was not, under the circumstances described, entitled to foreclose the mortgage while a suit was pending in garnishment against Gemberling as garnishee of defendant. Gemberling could properly have been awarded costs in that proceeding, and this was a sufficient consideration for a reduction upon the mortgage. It was further claimed by the Gemberlings that it was inequitable for them to pay interest on the money accruing during the time it was tied up by the garnishment proceedings. There is nothing to impugn the good faith of the administrator or of Constantine in the matter of this settlement.

Upon the question of authority, it appears that in September, 1889, defendant signed a receipt in the name of Franklin Spaulding, as the proceedings had been conducted in his name, reading as follows:

· "Received of S. M. Constantine $2,875, less amount claimed by him as attorney fees, disbursements, and expenses,—that is $975; balance due on Gemberling mortgage collection."

Defendant testified, in answer to the question whether at the time he signed this receipt he knew the papers had been delivered over to Gemberling, that he did not know it, but he further testified as follows:

. "*Q.* You were told so?

"*A.* Why, I thought so when I signed that. Coffinbury said he thought that was the case. Of course, I didn't know anything about it, but that was his supposition.

"*Q.* Didn't he tell you that that was the case?

"*A.* He didn't say that was the case; he said he thought it might be the case.

"*Q.* You supposed it was so at the time, or that was your best impression?

"*A.* Yes, sir."

Constantine testified as follows:

"*Q.* When you reported to Mr. Spaulding the settlement with Mr. Gemberling, whether he made any objection to that?

"*A.* No, sir; we talked before I wrote him in regard to the matter. In my advice of a settlement everything was understood by him, and it was satisfactory to him.

"*Q.* And he gave his approval?

"*A.* Of course, like any other client, he thought he ought to have all the interest, but I advised him to make that arrangement."

Under this testimony the circuit judge was certainly authorized to find that defendant ratified the settlement, even if it may not be inferred that he authorized it in advance.

The decree of the court below will be affirmed, with costs.

Long, Grant, and Hooker, JJ., concurred. McGrath, C. J., did not sit.