UNITED STATES v. SOUTHERN PAC. CO. (seven cases).

(District Court, N. D. California. March 13, 1908.)

Nos. 1,670–1,672, 1,674, 1,675, 1,684, 1,687.

1. PENALTIES—ACTIONS—NATURE AND FORM—"CIVIL ACTION."
    An action of debt to recover a penalty given by statute is a "civil action."
    [Ed. Note.—For other definitions, see Words and Phrases, vol. 2, pp. 1183–1193; vol. 8, p. 7603.]

2. CARRIERS—TRANSPORTATION OF LIVE STOCK—FEDERAL STATUTES—VIOLATION —ACTION FOR PENALTIES—DEGREE OF PROOF.
    Act Cong. June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), regulating transportation of live stock by interstate carriers, imposes a penalty for violation of not less than $100 nor more than $500, to be recovered by civil actions in the name of the United States. *Held*, that an action to recover such penalties was civil and not criminal in character, and hence the government was only bound to establish its case by a preponderance of the evidence, and not beyond reasonable doubt.

3. SAME—ASSESSMENT.
    Where an interstate carrier has been found guilty of violating Act Cong. June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), regulating the transportation of live stock, the duty of fixing the amount of the penalty to be recovered by the United States in such action devolves on the court.

See 157 Fed. 459.

A. P. Black, Asst. U. S. Dist. Atty.
Knight & Heggerty, for defendant.

DE HAVEN, District Judge. These actions were brought by the United States against the Southern Pacific Company to recover penalties alleged to have been incurred by the defendant under the provisions of Act Cong. June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), entitled "an act to prevent cruelty to animals

while in transit by railroad or other means of transportation from one state or territory or the District of Columbia into or through another state or territory or the District of Columbia," etc., and were by order of the court consolidated and tried together. The trial resulted in a verdict in favor of the plaintiff in each of the cases, and the defendant has moved for a new trial.

1. It is claimed that the court erred in refusing to instruct the jury, as requested by the defendant, that the government was required to prove its case beyond a reasonable doubt, and in giving to the jury the following instruction:

"You are further charged, gentlemen, that the burden of proof in each one of these cases is upon the government, and that it is required to prove the acts constituting the violation of the statute by a preponderance of evidence; that is to say, the government is not required to prove its allegations beyond all reasonable doubt, but simply by a preponderance of evidence, and by a 'preponderance of evidence' is meant that evidence which, after a consideration of all the evidence, is in the judgment of the jurors entitled to the greatest weight."

An action of debt to recover a penalty given by a statute is a civil action. 1 Bishop on Criminal Law (3d Ed.) § 32; Jacob v. United States, 1 Brock. 520, Fed. Cas. No. 7,157; Stockwell v. United States, 13 Wall. 531, 20 L. Ed. 491; United States v. Elliot, Fed. Cas. No. 15,043. But, independently of the general rule stated in the cases just cited, section 4 of the act of Congress above referred to provides that the penalty prescribed by the statute for a failure to comply with its provisions "shall be recovered by civil action in the name of the United States." The actions, then, being classed as "civil actions," the court did not err in refusing to instruct the jury, as requested by the defendant, that the burden was imposed upon the government to prove the alleged violations of the statute beyond all reasonable doubt, and in giving the instruction above quoted. Lilienthal's Tobacco Co. v. United States, 97 U. S. 237, 271, 272, 24 L. Ed. 901; United States v. Brown, Deady, 566, Fed. Cas. No. 14,662; The Good Templar (D. C.) 97 Fed. 651; Roberge v. Burnham, 124 Mass. 277.

There are cases in which the contrary has been held, but in my opinion they do not state the true rule. In section 29 of Greenleaf on Evidence, it is said:

"A distinction is to be noted between civil and criminal cases in respect to the degree or quantity of evidence necessary to justify the jury in finding their verdict for the government. In civil cases their duty is to weigh the evidence carefully and to find for the party in whose favor the evidence preponderates, although it be not free from reasonable doubt. But in a criminal trial the party accused is entitled to the benefit of the legal presumption in favor of innocence, which in doubtful cases is always sufficient to turn the scale in his favor   It is, therefore, a rule of criminal law that the guilt of the accused must be fully proved."

The rule of evidence in relation to the degree of proof required of the government in the prosecution of persons charged with crime is based upon the tender regard which the law has for the right of the accused to be protected from unjust judgments which may affect his life or liberty; these rights being made more secure by the application of the rule that no person shall be adjudged a criminal, and pun-

ished as such, except upon proof which leaves no reasonable doubt of the justice of such a judgment. But in civil actions there is not the same reason for requiring such strict proof of the facts in issue, and therefore the law does not demand it.

The case of Roberge v. Burnham, 124 Mass. 277, was an action brought by a parent against the defendant to recover a penalty under a statute containing this provision:

"Whoever, by himself or his agent or servant, shall sell or give intoxicating liquor to any minor, or allows a minor to loiter upon the premises where such sales are made, shall forfeit one hundred dollars for each offense, to be recovered by the parent or guardian of such minor in an action of tort."

Upon the trial the defendant asked the court to instruct the jury that they should find for him—

"unless upon the evidence they were satisfied beyond a reasonable doubt that the defendant, by himself or his agent or servant, committed the offense of selling liquor to a minor."

The request was refused, and the Supreme Court of Massachusetts, in sustaining the action of the court, said:

"The rule of evidence requiring proof beyond a reasonable doubt is generally applicable only in strictly criminal proceedings. It is founded upon the reason that a greater degree of probability should be required as a ground of judgment in criminal cases, which affect life or liberty, than may safely be adopted in cases where civil rights only are ascertained."

And in concluding its opinion the court added:

"It is true that this action, like all penal actions, partakes somewhat of the character of punishment; but this does not make it a criminal prosecution. When the Legislature gives to the plaintiff a civil action, partly remedial in its nature, it is to be presumed that it is intended that the usual incidents of all civil actions should attach, one of which is that proof by a reasonable preponderance of the evidence is sufficient."

Now it is to be noted that the statute under which these actions are prosecuted does not make a violation of its provisions a criminal offense, and, while it does provide "a penalty in the sum of not less than $100, nor not more than $500," for each failure to comply with its provisions, still Congress was careful to declare that such penalty should be recovered "by civil action in the name of the United States"; and, having thus declared, it must, to use the language of the court in Roberge v. Burnham, above quoted, be presumed that it was the intention "that the usual incidents of all civil actions should attach, one of which is that proof by a reasonable preponderance of the evidence is sufficient."

It is not deemed necessary to discuss objections urged against other instructions given to the jury. It is sufficient to say that in my opinion the court did not err in the instructions given, nor in its refusal to give other instructions requested by the defendant. The motion for a new trial is denied.

2. The statute provides a penalty of not less than $100, nor more than $500, for each violation of its provisions, and when there has

been a verdict in favor of the government the duty of fixing the amount of the penalty by its judgment devolves upon the court.

Upon consideration of all the evidence, the judgment of the court is that in each of the actions above numbered the United States recover from the defendant the sum of $200 and costs.