## WILLIAM W. BRYANT *vs*. RICH'S GRILL.

Suffolk. November 12, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Discrimination on account of Color or Race. Accord and Satisfaction. Contract,* Validity. *Joint Tortfeasors. Evidence,* Presumptions and burden of proof. *Attorney at Law. Words,* "Fine," "Forfeiture."

Under R. L. c. 212, § 89, which provides that whoever, in certain public places kept for gain, makes a discrimination against a person on account of color or race shall be punished by fine or imprisonment or both, as there designated, "and shall forfeit to any person aggrieved thereby not less than $25 nor more than $300," with the further provision that "such person so aggrieved shall not recover against more than one person by reason of any one act of . . . discrimination," if a barkeeper employed by a corporation pleads guilty to a criminal complaint for refusing to serve beer in the course of his employment to a certain person on account of his color and pays a fine of $25 under an agreement between the complainant and the corporation, that the complainant will accept such a plea of guilty and the payment of any fine imposed "as a satisfaction of any claim which he might have on account of the discrimination," this is a valid agreement not contrary to public policy, and its performance is a bar to a civil action under the statute by such aggrieved person against the corporation for the same act of discrimination.

In a civil action under R. L. c. 212, § 89, against the proprietor of a barroom to recover a forfeiture or penalty for an alleged unlawful discrimination against the plaintiff on account of his color, the plaintiff is not required to prove his case beyond a reasonable doubt but only by a preponderance of the evidence.

Where a bill of exceptions in an action for a penalty, in setting forth an oral agreement of settlement in regard to a previous criminal prosecution against a servant of the defendant, which was held to be a bar to the civil action for the penalty, states that "the attorney for the defendant and the attorney for the plaintiff met," and "that an agreement was made between the plaintiff or his attorney with the defendant's attorney," and where the record does not show that the plaintiff gave any directions to the contrary or was not fully informed of the proceedings or that he ever repudiated the agreement of settlement or manifested any dissatisfaction with it before bringing his action for the penalty, it is not open to the plaintiff to contend that his attorney in making the agreement of settlement acted without authority from him, it being too late for him to disavow what was done honestly in his behalf and for his benefit.

TORT against a corporation, engaged in the restaurant business and maintaining a bar where intoxicating liquors were sold, to recover a penalty under R. L. c. 212, § 89, for discriminating un-

lawfully against the plaintiff on account of his color. Writ in the Municipal Court of the City of Boston, dated January 6, 1912.

On appeal to the Superior Court the case was tried before *Bell,* J. It appeared that the defendant was a Massachusetts corporation maintaining a barroom as alleged, and that on October 25, 1911, one Hoffman, employed by the defendant as a barkeeper, refused to serve the plaintiff with beer on account of his color; that thereupon the plaintiff consulted an attorney and swore out a complaint in the Municipal Court of the City of Boston against Hoffman, and that, before the hearing of the complaint, the attorney for the defendant and the attorney for the plaintiff met. In answer to a question submitted to them, the jury found "that an agreement was made between the plaintiff or his attorney with the defendant's attorney at the time of the criminal prosecution that, if the defendant Hoffman would plead guilty and pay any fine imposed on him, the plaintiff would accept that as a satisfaction of any claim which he might have on account of the discrimination." The evidence showed that thereupon Hoffman pleaded guilty, was fined $25 and paid the fine.

The defendant asked the judge to rule and instruct the jury as follows:

"1. Upon all the evidence, the plaintiff is not entitled to recover."

"3. The defendant cannot be held liable to the plaintiff in this action unless the plaintiff proves that the defendant aided or incited the act complained of.

"4. A principal is not liable for the crimes of his agent.

"5. Under this statute, the defendant is not liable for the acts of its agents.

"6. This is a criminal or penal statute, and in order to recover thereunder, the facts necessary to make out a case must be proved by the plaintiff beyond a reasonable doubt."

"8. If the plaintiff has pursued his remedy against Hoffman under this statute, he cannot now hold the defendant liable.

"9. If the plaintiff, acting under this statute, caused the arrest and punishment of Hoffman for the act of discrimination complained of, he has exhausted his remedies and cannot afterwards proceed against any one else for the same act.

"10. The statute does not give a person the right to prosecute one person criminally and to enforce the penalty or forfeiture against a second person for the same act of discrimination.

"11. It was open to the plaintiff in the criminal proceedings against Hoffman to have obtained the forfeit provided by statute either in lieu of, or in addition to, the infliction of a fine or a sentence of imprisonment.

"12. If, in the criminal proceedings against Hoffman, to which the plaintiff was a party, the court sentenced the prisoner to the payment of a fine only, the plaintiff cannot afterwards have any further or other penalty inflicted for the same act of discrimination.

"13. If an agreement was made between the plaintiff and the defendant, each acting by their respective attorneys, that a settlement should be made of this claim of discrimination by Hoffman pleading guilty of the act complained of, and taking such sentence as the court should inflict, then the plaintiff is bound by such agreement, and cannot recover in this action.

"14. If an agreement was made between the plaintiff and the defendant, each acting by their respective attorneys, that a settlement should be made of this claim of discrimination by Hoffman pleading guilty of the act complained of, and taking such sentence as the court should inflict, then the plaintiff is estopped from taking any further action in the matter and cannot recover in this action.

"15. If the plaintiff by his words or conduct induced the defendant (by its attorney) to believe that all claims on account of the alleged discrimination were being settled by Hoffman's pleading guilty of the act complained of, and taking such sentence as the court should inflict, and the defendant caused the same to be done, acting under such belief, then the plaintiff cannot recover in this action."

The judge refused to make the rulings or give the instructions requested, and ruled that the agreement and the pleading guilty by Hoffman and the paying of the fine did not constitute a defense. He further instructed the jury that the plaintiff was not obliged to prove his case beyond a reasonable doubt, but that it was sufficient if he satisfied them of the facts by a fair preponderance of the evidence, and that the proceedings in the Municipal Court

against Hoffman would not be a bar to the maintenance of this action, and ordered the jury to return a verdict for the plaintiff.

The jury returned a verdict for the plaintiff in the sum of $25; and the defendant alleged exceptions.

*Lee M. Friedman,* for the defendant.

*C. L. Raysor,* for the plaintiff.

BRALEY, J. This action is brought to recover the forfeiture given by the R. L. c. 212, § 89, for the unlawful discrimination from his fellowmen of the plaintiff by reason of his race and color in a public place kept for gain by the defendant.

It is important in the construction of the statute, which is a composite, to inquire as to its origin and gradual development. The St. of 1865, c. 277, enacted more than three years before the adoption of the Fourteenth Amendment to the Constitution of the United States, declared that "no distinction, discrimination or restriction on account of color or race shall be lawful in any licensed inn, in any public place of amusement, public conveyance or public meeting in this Commonwealth," and any violation of the act was punishable as a misdemeanor. The construction adopted in *Commonwealth* v. *Sylvester,* 13 Allen, 247, that where a billiard room was unlicensed the exclusion of a negro was not within its prohibition, was followed by the St. of 1866, c. 252, which, without reference to the preceding statute, provided that it should be unlawful to exclude persons from, or restrict them in, any theatre or public place of amusement licensed under our laws or in any public conveyance or public meeting or licensed inn, except for good cause. By the Pub. Sts. c. 207, § 69, these statutes were consolidated and a uniform fine was established; but this section shortly after was repealed by the St. of 1885, c. 316, which enlarged the public places of amusement from which, whether licensed or unlicensed, exclusion because of color or race was prohibited under a heavier pecuniary penalty. The St. of 1893, c. 436, added barber shops "or other public place kept for hire, gain or reward." But no further changes are found until the Legislature, by the St. of 1895, c. 461, while repealing these statutes, recast them, and in the most comprehensive terms prohibited any discrimination except for good cause, applicable alike to all persons of every color or race whatsoever, in respect to the admission of any person to, or his treatment in, public places of

amusement, other public meetings, inns, barber shops, or public places kept for hire, gain or reward, whether licensed or not. A person violating the statute, or whoever aided in its violation, was "to forfeit and pay" for each offense, "a sum not less than twenty-five dollars nor more than three hundred dollars," to be recovered by the party aggrieved in an action of tort, as well as deemed to be guilty of a misdemeanor, and upon conviction subject to fine or imprisonment, or both. But if suit were brought, there could be no recovery against more than one person by reason of any single instance of unlawful distinction, discrimination or restriction. The R. L. c. 212, § 89, while codifying this statute, transposed the civil and penal clauses, and omitted all reference to the remedy. The transposition, however, does not change the legislative intention, and the remedy in tort may be pursued in any court having jurisdiction. *Paszkowski* v. *Stony Brook Paper Co.* 210 Mass. 86, 89. *Roberge* v. *Burnham*, 124 Mass. 277. R. L. c. 167, § 13.

It is stated in the record that the plaintiff, while in its restaurant and barroom and in the presence of the officers of the defendant corporation, was unlawfully "discriminated against" by its servant and barkeeper. The statute having expressly conferred upon him the right under such circumstances to enforce the forfeiture, the plaintiff can recover it in his own name, and for his sole benefit. *Roberge* v. *Burnham*, 124 Mass. 277.

The words "fine" and "forfeiture" found in the statute are often interchangeably used, and where "forfeiture" is employed to denote punishment it may be held to be the equivalent of "fine." *State* v. *McConnell*, 70 N. H. 158, 159. *State* v. *Mumford*, 73 Mo. 647. Fines belonged to the Crown at common law, but here they belong to the State which has succeeded to the prerogatives of the Crown. *Groenvelt's Case*, 1 Ld. Raym. 213. *Taunton* v. *Sproat*, 2 Gray, 428, 430. See *Commonwealth* v. *Boston Terminal Co.* 185 Mass. 281, 282. If the whole or any part is to go to an informer for setting the prosecution afoot, the statute must so provide. R. L. c. 221, § 2. *State* v. *Marshall*, 64 N. H. 549. And where no apportionment is made by the court, under § 2, in imposing sentence, proceedings for recovery of the whole or any part of the fine, forfeiture or penalty which does not enure to the benefit of the Commonwealth, must be brought in its name. R. L. c.

221, § 3.  *Smith* v. *Look,* 108 Mass. 139.  *Wheeler* v. *Goulding,* 13 Gray, 539.  *Colburn* v. *Swett,* 1 Met. 232, 236.  By § 1 the statute applies only to "fines and forfeitures exacted as a punishment for any offense or for the violation or neglect of any duty imposed by statute," and are recoverable only where there is a criminal prosecution.  *Commonwealth* v. *Murray,* 144 Mass. 170.  The right to institute civil proceedings under the statute in question, is not a part, or consequence, of the conviction of the offender.  It is a personal and independent right, although the unlawful act is also made a criminal offense, the prosecution of which is within the control of the public authorities.  "It is an action given to the party aggrieved only, and is in the nature of a remedial suit" where "proof by a reasonable preponderance of the evidence is sufficient," said Mr. Justice Morton in *Roberge* v. *Burnham,* 124 Mass. 277, 278, 279, when speaking of a similar provision in the St. of 1875, c. 99, § 15, giving a forfeiture to the parent where a dealer sells intoxicating liquor to a minor child.

The act of discrimination suffered by the plaintiff was an actionable wrong, even if the damages recoverable are denominated as a forfeiture which cannot fall below or exceed a certain limit. It follows, that the plaintiff could have released the participants from all civil liability.  *Quarles* v. *Quarles,* 4 Mass. 680, 688.  See R. L. c. 217, § 54.  By the express terms of the statute, the plaintiff cannot recover against more than one, where either of the prohibited acts are committed by two, or more persons. If plainly there is but one wrong, the liability is several if there is more than one offender or tortfeasor, and if without suit satisfaction is accepted from either of them, the others are discharged, even where no formal release under seal is executed. *Boston Supply Co.* v. *Rubin,* 214 Mass. 217, and cases cited.  The jury found specially that the plaintiff, upon consultation with his counsel, lodged a criminal complaint against the barkeeper, and while proceedings were pending it was agreed between the plaintiff's attorney and the attorney for the defendant, that if the defendant would plead guilty and pay any fine which might be imposed, the plaintiff would accept this result in full satisfaction of any claim which he might have because of the discrimination. The agreement was not unlawful.  It did not tend to pervert public justice, by stifling the prosecution through some favor shown

to the offender.  *Partridge* v. *Hood,* 120 Mass. 403.  *Shaw* v. *Reed,* 30 Maine, 105.  The agreement which was fully executed was not a bargain to allow the wrongdoer to escape conviction, and having been accepted by the plaintiff as a vindication, and in satisfaction, the defendant corporation was thereby discharged from all civil liability.  *New York Bank Note Co.* v. *Kidder Press Manuf. Co.* 192 Mass. 391, 407, 408.  *Brewer* v. *Casey,* 196 Mass. 384, 389.  *Boston Supply Co.* v. *Rubin,* 214 Mass. 217.

The plaintiff urges that he is not bound, because in making the settlement his attorney acted without authority, but the record does not show that any directions to the contrary were given, or that the plaintiff was not informed of the proceedings, or ever repudiated the settlement, or previous to the present action has manifested any dissatisfaction.  It was his duty, if dissatisfied, to express his disaffirmance within a reasonable time, and to notify the parties who relied upon the settlement for their own protection.  It is now too late for him to disavow what was honestly done in his behalf and for his benefit, and the defendant's first request, that upon the evidence the action could not be maintained, should have been given.  *Everett* v. *Charlestown,* 12 Allen, 93.  *Benedict* v. *Smith,* 10 Paige, 126.  *Gemberling* v. *Spaulding,* 104 Mich. 217.  *Whitesell* v. *Peck,* 165 Penn. St. 571.

The exceptions, therefore, must be sustained, and judgment entered for the defendant under the St. of 1909, c. 236.

*So ordered.*