The People of the State of Illinois for use of Cook County ex rel., A. C. Wegner, Plaintiff in Error, v. Hartford Life Insurance Company, Defendant in Error.

Gen. Nos. 19,062, 19,063.

Same, Plaintiff in Error, v. Harry B. Johnston, Defendant in Error.

Gen. Nos. 19,064-19,066.

Same, Plaintiff in Error, v. Union Mutual Life Insurance Company, Defendant in Error.

Gen. No. 19,067.

Same, Plaintiff in Error, v. Illinois Life Insurance Company, Defendant in Error.

Gen. No. 19,068.

Same, Plaintiff in Error, v. P. J. Kane, Defendant in Error.

Gen. No. 19,069.

INSURANCE, § 17*—*who may prosecute action for penalty imposed for discrimination between insurants.* Under the statute (J. & A. ¶¶ 6491 *et seq.*) prohibiting life insurance companies from discriminating between insurants and providing a penalty for a violation to be recovered in the name of the People by the State's Attorney, *held* that no other person than the State's Attorney may prosecute the action and that an informer of a violation of the statute has no authority to bring or control the suit.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the March term, 1913. Judgments affirmed. Opinion filed May 4, 1914.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

FRANK H. CULVER, for plaintiff in error.

GANN, PEAKS & TOWNLEY, for defendants in error Hartford Life Insurance Company and Harry B. Johnston.

WHEELOCK, SHATTUCK & NEWEY, for defendant in error Union Mutual Life Insurance Company.

HENRY W. PRICE and HUGH T. MARTIN, for defendants in error Illinois Life Insurance Company and P. J. Kane.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Plaintiff in error brought eight actions in the Municipal Court in the name of the People for his use on his relation as an informer, each against one of the defendants in error. The actions were brought under the statute relating to the granting of rebates by insurance companies, which provides that:

''No life insurance company   *   *   *   shall make or permit any distinction or discrimination between insurants of the same class and equal expectation of life, in its established rates   *   *   *   or promise the same to any person as an inducement to insure, or promise to give any advantage or valuable consideration not expressed or specified in the policy.

Any insurance company, which shall transact its business in this State in violation of the provisions of this act, shall, with the agent or agents so unlawfully transacting such business, jointly and severally, be subject to a penalty of not less than $500 or more than $1,000, to be sued for and recovered in the name of the People of the State of Illinois, by the State's Attorney of the county in which the offense is committed. One-half of said penalty, when recovered, shall be paid into the treasury of the county and the other half to the informer of such violation   *   *   *   ''   (J. & A. ¶¶ 6491, 6493.)

Each *praecipe* and statement of claim is signed by Frank H. Culver, "attorney for plaintiff." Each defendant moved that the suit against such defendant be dismissed on the ground that the suit was not prosecuted by the State's Attorney of the county in which the offense was committed, and on the further ground that Wegner, the informer, had no authority to bring suit either in the name of the People or on his own behalf. The motion was granted in each case and the suit dismissed at the cost of the plaintiff, and to review such judgment of dismissal these writs of error are prosecuted.

The language of the statute is plain and unambiguous. The penalty provided by the statute is, "to be sued for and recovered in the name of the People of the State of Illinois by the State's Attorney of the county in which the offense is committed." The language neither requires nor permits of construction, and we are of opinion that no other person than the State's Attorney may bring and prosecute an action to recover the penalty prescribed by the section of the statute above quoted.

In the Railway Act of 1849, section 36 imposed a penalty of $50 for failure to provide a bell or whistle and to ring the bell or blow the whistle at crossings, to be paid by the railroad company, one-half thereof to go to the informer and one-half to the State; and section 42 provided that: "All penalties under this Act may be sued for by the district attorney and in the name of the People of the State of Illinois." In *Chicago & A. R. Co. v. Howard*, 38 Ill. 414, it was said: "If the forty-second section had contained the only provision for bringing suit then it would have to be brought by the State's Attorney, and in the name of the People. But under the 38th section a common informer may sue, * * * in his own name, as well as on behalf of the People."

An action under the statute above quoted is clearly not a *qui tam* action, for it is to be brought in the name

of the People. The provision that one moiety shall be paid into the treasury of the county and the other to the informer only applies to the penalty *when recovered,* but does not give the informer the original power to sue it. Lawrence, J. in *Fleming v. Bailey,* 5 East 313. The statute gives to the informer no authority to bring or control the suit. It only provides that one-half of the penalty *when recovered* shall be paid to him. His rights do not arise until a penalty has been recovered. *Wheeler v. Goulding,* 79 Mass. 539.

The actions were properly dismissed and the judgment in each case is affirmed.

*Judgments affirmed.*